BENNET *v.* FOOKS AND MOFFIT.

## Bennet v. Fooks and Moffit.

1. SHERIFF'S SALE: *Bona fide purchaser.* A purchaser at execution sale of lands, who, under the act of 1857, had the sheriff's certificate but had not yet received his deed, was protected against an unrecorded prior mortgage upon a bill of foreclosure, filed before the expiration of the time allowed a defendant to redeem his lands sold on execution.

This was a bill in chancery filed in the District Court for Cass county, for the foreclosure of a mortgage. The mortgage was made by Fooks on the 2d of October, 1857, but for reasons not material to be stated here, was not filed for record in Cass county in which the premises were situated, until the sixth of April, 1858.

Moffit obtained judgment against Fooks in the District Court for Otoe county, at the December term, 1857, on which execution issued to the sheriff of Cass county, who levied the same on the mortgaged premises, and on the 30th of January, 1858, he, under his said levy, sold the premises to Moffit who had no notice of the mortgage. He had a certificate from the sheriff of his purchase, but had not received a deed.

A decree was made in the District Court dismissing the bill, and the complainant appealed to this court.

The question to be determined was, which of the parties had the better equity ; and this depended upon the following statutory provisions.—2 *Session Laws,* page 82, *sec.* 16.

" All deeds, mortgages, and other instruments of writing, which are required to be recorded, shall take effect and be in force from and after the time of delivering the same to the register for record, and not before, as to all creditors and subsequent purchasers in good faith without notice ; and all such deeds, mortgages, and other instruments, shall be adjudged void, as to all such creditors and subsequent purchasers without notice, whose deeds, mortgages, and other instruments, shall be first recorded. *Provided,* That

[S. C. N.] 30

such deeds, mortgages, or instruments shall be valid between the parties."

3 Session Laws, 96.

" § 3. If the lands lie in any other county, the lien does not attach until an attested copy of the judgment is filed in the office of the clerk of the District Court of the county in which the land lies.

§ 4. Such clerk shall, on the filing of a transcript of the judgment in his office, immediately proceed to docket and index the same in the same manner as though rendered in the court of his own county."

3 Session Laws, 75.

" § 4. Execution from the District Court may issue in the first instance into any county which the party ordering them may direct."

3 Session Laws, 79.

" § 50. The purchaser of real estate at a sale on execution need not place any evidence of his purchase upon record until twenty days after the expiration of the full time of redemption. Up to that time the publicity of the proceedings is constructive notice of the rights of the purchaser, but no longer."

3 Session Laws, 78.

" § 42. The defendant may redeem such property at any time within one year from the day of sale, as hereinafter provided, and will, in the meantime, be entitled to the possession of the property."

*W. H. Taylor*, for appellant.

1. The equities of complainants are older and paramount to those of the defendant, Moffit. The older equity and the legal title which is in complainants, must prevail over the equities of Moffit.—*Willard's Eq.* 46 ; *Berry* v. *Mutual*

BENNET *v.* FOOKS AND MOFFIT.

*Insurance Co.*, 2 *John's Ch.* 608 ; *Wilkes* v. *Harper*, 2 *Barb. Ch.* 338.

2. An unrecorded mortgage, under our statute, will hold over a docketed judgment.—*Registry Act*, 1856, *p.* 82, 16 ; *Willard's Eq.* 254 ; *Warren* v. *Helm*, 1 Gil. Ill. 231 ; *Schmidt* v. *Hoyt*, 1 *Eastb. Ch.* 652 ; *Jackson* v. *Chamberlain*, 8 *Wend.* 620.

3. The defendant, Moffit, never acquired a judgment lien on the land in dispute.—*Statute of* 1857, *p.* 96.

4. If the defendant could acquire a lien upon real estate in any other way than by the judgment act of 1857, he certainly could do so only by the statute regulating the registry of instruments of writing affecting real estate. Priority is only given to those who have their deeds and mortgages first recorded. There is no pretence that defendant, Moffit, ever obtained a sheriff's deed.—*Statute of* 1856, *p.* 82, and authorities cited, *supra.*

5. Defendant, Moffit, is in no sense a *bona fide* purchaser without notice, and cannot claim as such.—*Dickerson* v. *Tillinghast*, 4 *Paige* 220.

6. The levy of an execution upon real estate, and sale where the law gives the right of redemption to the defendant and creditors, does not vest in the purchaser any interest in the real estate, but only gives him a lien or inchoate right which may become absolute, and the defendant, Moffit, could acquire no other or greater interest in the premises by virtue of the sale under execution that defendant Fooks had at the time, for it was Fooks' interest the sheriff levied upon and sold.

*S. E. McCracken*, for appellee.

I. The decree in the court below was right because of defects in the bill and proceedings prior to the decree.

1. The suit abated on the death of William Bennett, and

BENNET v. FOOKS AND MOFFIT.

has never been revived in any manner known to chancery practice. The only way of making new parties is by supplemental bill.—*Story's Eq. p.* 329, 354, 885 ; 1 *Ind.* 262.

2. There never was any service on Fooks, and the court did right in dismissing the bill.

3. The bill alleges that there is a mistake in the description of the premises. The mortgage describes the premises as in Otoe county, and the bill alleges the land to be in Cass county, and there is no proper averment in the bill or prayer to have the mortgage reformed, and without these averments the court did right in dismissing the bill.—*Davis* v. *Cox*, 6 *Ind.* 481.

2. The court did right in rendering a decree for the defendants.

1. The mortgage attached to the bill and made an exhibit has never been properly acknowledged and recorded. The certificate of the acknowledging officer has no evidence that the grantor was known to the person taking the acknowledgement, and without such evidence was not entitled to be recorded and is void as to creditors.—*Session Laws* 1856, *p.* 82, sec. 16, 17 ; *White and Tudor's leading cases in Eq.*, vol. 2, 1, 112 ; *Friendly* v. *Hamilton*, 17 ; *Serg and Rawle*, 70 ; *Fosdick* v. *Barr*, 3 *Ohio*, 471.

2. Moffit is a *bona fide* purchaser for a valuable consideration with no notice of the equities of the plaintiff and as such will be protected by a court of chancery.—2 *White and Tudor's leading cases*, 1, 50, 85, *and authorities there cited* ; *Hopping* v. *Burnain*, 2 *Green*, 39 ; *Orth* v. *Jennings*, 8 *Black*, 420 ; *Davison* v. *Cowan*, 1 *Devereux*, 474 ; *Semple* v. *Burd*, 7 *S. & R.* 286 ; *Jackson* v. *Luce*, 14 *Ohio*, 514 ; *White* v. *Denman*, 16 *Ohio*, 59.

The court, by LOCKWOOD, J., held that Moffit was a *bona fide* purchaser of the premises without notice of the unrecorded mortgage, and entitled to hold the same divested

BENNET *v.* FOOKS AND MOFFIT.

of the lien thereof; and that the proceedings by which he acquired his interest were regular, and were of themselves notice to all the world of his rights thereunder.

Decree affirmed.