GALWAY, SEMPLE & CO., APPELLEES, v. WILLIAM MALCHOW AND OTHERS, APPELLANTS.

1. **Recording Act:** MORTGAGE: NOTICE. Under our recording act the record of a mortgage is notice only as to the lands actually described therein. As to lands omitted from the description by mistake it will be treated the same as if it were unrecorded.

2. ————: UNRECORDED CONVEYANCE: JUDGMENT LIEN. To defeat a prior unrecorded deed or mortgage, it is not enough for one to show merely that he is a judgment creditor of the grantor, but in addition to this it must appear that his claim or lien is evidenced by some instrument "*required to be recorded*," and it must also be filed for record before such prior conveyance.

3. ————: PRIORITY OF LIEN. Where land intended to be included in a mortgage is omitted by mistake, and a judgment is subsequently recovered against the mortgagor the lien of the judgment creditor is subject to the equity of the mortgage.

4. **Lien of Judgment.** The lien of a judgment does not exceed the actual interest which the judgment debtor had in the land at the time it was rendered; and it is subject to every equity existing against the debtor at the time of its rendition. *Bennett v. Fooks & Moffitt*, 1 Neb., 465, overruled.

APPEAL from a decree of foreclosure entered by VALENTINE, J., in the district court of Cuming county. The appeal was taken by The State Bank of Nebraska and Kirby & Howe, defendants, who had recovered certain

judgments against Malchow, after the recording of a mortgage given by him to plaintiffs. Further facts appear in the opinion.

*R. F. Stevenson,* and *Carrigan & Osborn,* for appellants.

A judgment lien takes priority over a defective or unrecorded mortgage. *Van Thorniley v. Peters,* 26 O. S., 471. Freeman on Judgments, Sec. 36. *Hopping v. Burnam,* 2 G. Greene, 39. *Holloway v. Plattner,* 20 Iowa, 121. *Semple v. Burd,* 7 S. & R., 288. *Jacques v. Weeks,* 7 Watts, 261. *Martin v. Dryden,* 1 Gilman, 187. *Jones v. Jones,* 16 Ill., 117. *Giteau v. Wisely,* 57 Ill., 433. 4 Pick., 252. 10 Pick., 72. 1 Met., 212. 20 O. S., 68. The same doctrine has been asserted by this court. *Filley v. Duncan,* 1 Neb., 134. *Bennett v. Fooks,* 1 Neb., 465. *Uhl v. May,* 5 Neb., 157.

*Crawford & McLaughlin,* for appellees, cited *Ellis v. Townley,* 1 Paige's Ch., 280; *Gouveneur v. Titus,* 6 Paige, 347; *Hoadland v. Latourette et al.,* 1 Green Ch., 254; *Eppes v. Randolph,* 2 Call, 103–154; *Everett v. Stone,* 3 Story, 447; *Lodge v. Tyseley,* 5 Sims., 79; 2 Story's Equity, §1503 b.; Willard's Equity Jurisprudence, page 74, 76; *Fitch v. Winchelsea,* 1 Peere Williams, 277; *Prior et al. v. Penpraze,* 4 Price Exch., 99; *Legard v. Hodges,* 1 Vesey Jr., 477; *Lake v. Doud,* 10 Ohio, 415; *Touseley v. Touseley,* 5 Ohio State, 78; *Morgan v. Spangler,* 14 Ohio State, 12; *Filley v. Duncan,* 1 Neb., 134

Lake, J.

This is an appeal from the district court for Cuming county. The action was brought to correct a mistake

in the description of mortgaged premises, and at the same time to obtain a foreclosure and sale of the lands intended to be conveyed.

That a mistake was made, by which one hundred and sixty acres of the land intended to have been conveyed was erroneously described as being in section *twenty-eight* instead of section thirty-three, in which it really lay, is admitted. And it is not denied that, as between the immediate parties to the instrument, the correction is within the jurisdiction of the court and should be made. But equity goes farther than this, and makes good, defects existing in mortgages contrary to the intention of the parties, even against subsequent judgment creditors claiming under the party who is bound in conscience to correct the mistake. Willard's Equity Jurisprudence, 75; Freeman on Judgments, Sec. 359.

The real controversy is raised by those of the defendants who, having recovered judgments against the mortgagor, subsequently to the execution of the mortgage, now insist that they thereby acquired liens upon the lands concerning which the mistake was made, paramount to that of the plaintiffs' under the mortgage.

It must be conceded that under our recording act, the record of this mortgage furnished constructive notice only as to the lands correctly described. As to those omitted it must be treated precisely the same as if it had remained unrecorded. The mortgagees derived no advantage whatever from having placed it on record, and thus we have squarely presented the question, as between an unrecorded mortgage and a subsequent judgment against the mortgagor—which is entitled to preference? We have been referred to numerous authorities supposed to support the claims of the respective parties, some holding that the mortgage, and others that the judgment in such case, will prevail. But most of them were cases arising under recording acts so

different from our own, that they throw very little light on the question here presented.

By Sec. 16, Chap. 43, Rev. Stat. (Gen. Stat., Chap. 61), it is enacted that : " All deeds, mortgages, and other instruments of writing, which are required to be recorded, shall take effect and be in force from and after the time of delivering the same to the clerk for record, and not before, as to all creditors and subsequent purchasers, in good faith without notice, and all such deeds, mortgages, and other instruments, shall be adjudged void as to all such creditors and subsequent purchasers without notice, *whose deeds, mortgages, and other instruments, shall be first recorded: Provided*, that such deeds, mortgages, or instruments shall be valid between the parties.

This section, down to the words *italicised*, is substantially the same as Sec. 30, Chap. 30, of the Revised Statutes of Illinois, which provides that : " All deeds, mortgages, and other instruments of writing, which are authorized to be recorded, shall take effect and be in force from and after the time of filing the same for record, and not before, as to all creditors and subsequent purchasers without notice, and all such deeds and title papers shall be adjudged void as to all such creditors and subsequent purchasers without notice, until the same shall be filed for record."

Under the operation of this section the supreme court of that state has held that as between an attachment, or judgment creditor, and the grantee in an unrecorded conveyance, the former is to be preferred. *Martin v. Dryden, et al.,* 1 *Gilm.* 187. *Massey v. Westcott, et al.,* 40 Ill., 160. *McFadden v. Worthington,* 45 Ill., 362. While there can be no doubt of the soundness of the rule adopted in these cases under the statute of Illinois, which makes the instrument void " *until the same shall be filed for record,*" it is very clearly inapplicable

to ours, which makes it void only as to " such creditors and subsequent purchasers," without notice, *whose deeds, mortgages, and other instruments shall be first recorded.*" Therefore to defeat a prior unrecorded deed or mortgage, it is not enough for one to show merely that he is simply a judgment creditor of the grantor, but, in addition to this, it must appear that his claim, or lien, is evidenced by some instrument which, in the language of the first clause of the section, is "*required to be recorded.*" This section evidently has no reference whatever to simple judgment creditors who, by force of another statute (Sec. 477, code of civil procedure), have a general lien upon all of the lands of the *debtor* lying within the county where their judgments are rendered. That this is so is made apparent by reference to the next section, which points out still more specifically, if possible, the kind of instruments included in section sixteen. It declares that: " They shall not be deemed lawfully recorded unless they have previously been acknowledged or proved in the manner herein prescribed."

The great importance of that portion of section sixteen which we have put in italics must not be overlooked. It imposes a very serious obstacle in the way of a creditor, or subsequent purchaser, who seeks to defeat one claiming under a prior deed or mortgage. These are strong words of limitation, which we find in no other recording act to which we have access, save that of Wisconsin, which, by sec. 27, provides that: " Every conveyance of real estate within this state hereafter made, which shall not be recorded as provided by law, shall be void as against any subsequent purchaser  *   *   *   * whose conveyance shall first be duly recorded."

In *Fallass, adm'r, v. Pierce et al.,* 30 Wis., 443, the supreme court of that state had occasion to consider the effect of these words, and held: " Without the deed to

such subsequent purchaser *first upon record* the title under the prior unregistered deed must still be preferred. Under the statutes of the states, to which reference has been made, this is not so. It is enough there if the subsequent purchaser for a valuable consideration, and without actual notice, looks upon the record at the time of purchase, and finds no conveyance from his grantor there recorded. He is not required to put his deed first upon record in order to be protected against *prior* conveyances from his grantor, but only to do so in order to protect himself against *subsequent bona fide* purchasers, for value, from the same grantor, or in the line of recorded conveyances from him."

We think that this is a very clear statement of the proper effect of these words of the Wisconsin statute, which, although not identical, are substantially the same as those employed in our own. We are aware that in the case of *Bennet v. Fooks & Moffit*, 1 Neb., 465, a construction of this section of our statute appears to have been announced by the territorial supreme court the very reverse of that which we now feel constrained to give to it. With all due respect, however, to the court, as then composed, we must say that we do not see how that conclusion could have been reached without completely ignoring the words, "*whose deeds, mortgages, and other instruments, shall be first recorded.*"

As we have already shown, our recording act confers no advantage whatever upon a mere judgment creditor, whose lien upon the estate of his debtor is declared by another statute. And this lien is a legal one, and does not exceed " the actual interest which the judgment debtor had in the estate at the time the judgment was rendered." *Brown v. Pierce*, 7 Wall., 205. It is well settled that a judgment lien on the land of the debtor is subject to every equity which existed against the debtor at the rendition of the judgment; and courts of equity will

always limit the lien to the actual interest of the judgment debtor." Freeman on Judgments, Sec. 357, and cases cited. *Swarts et al. v. Stees, et al.*, 2 Kansas, 236.

We are of the opinion, therefore, that, under the statute in question, the liens of these judgment creditors have no standing as against the equitable liens of the prior mortgages. And the judgment of the court below, being in conformity with these views, it must be affirmed.

JUDGMENT AFFIRMED.