JOHN MANSFIELD, PLAINTIFF IN ERROR, V. E. MARY GREGORY, AND OTHERS, DEFENDANTS IN ERROR.

1. **Judicial Sale.** G., as agent of M., purchased certain real estate with the money of M., and took the title in his own name. Afterwards G. executed a deed to M. for the real estate in question, which was not recorded for nearly two years. Judgment having been recovered in the district court against G., execution was levied on the real estate in controversy, and it was advertised and sold, and the sale confirmed and a deed made to the purchaser. Two days prior to the sale, M. recorded his deed, and the deed was on record at the time of the sale. *Held*, that the purchaser acquired no title by the sale.

2. ———: PRACTICE. Under section 500 of the code, a sheriff's deed vests in the purchaser the same estate as was vested in the judgment debtor at or after the time the lands became liable to the satisfaction of the judgment. If, therefore, the debtor had no interest in the lands sold, of which the purchaser had notice, he acquires no title by the sale.

ERROR from Lancaster county district court.

*Lamb, Billingsley & Lambertson*, for plaintiff in error.

No brief on file.

*J. R. Webster and Brown & Marshall* for defendants in error.

The lien obtained by the levy of an execution or attachment is a specific lien; and for that reason, inasmuch as it indicates that the creditor elects to satisfy from that specific property, and probably for a further reason that the levy is in the nature of a purchase through an officer, being accompanied with cost and expense to the creditor, whenever the matter has been reviewed, it is deemed a lien of higher character than the general lien of a judgment which attaches without act of the creditor, and by mere operation of law. At the time of the levy, it is to be remembered, the deed of plaintiff was not recorded. The record of plaintiff's deed was June 19th, 1876, and the levy was made not later than May 22d, 1876, for sale after thirty days was made June 21st, 1876, so that the levy was made not less than twenty-eight days before record of plaintiff's deed. *Goodwin v. Richardson*, 11 Mass., 469, 475. *McMechan v. Griffing*, 3 Pick., 147, 153. *Flynt v. Arnold*, 2 Met., 619. *Roberts v. Bourne*, 23 Me., 165. *Wheaton v. Dyer*, 15 Conn., 311. *Isham v. Bennington & Co.*, 19 Vt., 230, 245, 54. *Slocum v. Catlin*, 22 Vt., 137, 139, 140. *Mayham v. Combs*, 14 Ohio, 428, 431. *Jackson v. Luce, ib.*, 51–417. *White v. Denman*, 16 Ohio, 59, 69, Ohio, 533. *Tousley v. Tousley*, 5 Ohio St., 78. *Massey v. Wescott*, 40 Ill., 160. *Dixon v. Lacoste*, 1 S. & M., 70. *Picket v. Banks*, 11 S. & M., 445. *Guerant v. Anderson*, 4 Rand. *Underwood v. Ogden*, 6 B. Mon., 268. *Swigert v. Bank*, 17 B. Mon., 268.

MAXWELL, CH. J.

This is an action to quiet title. The petition alleges that in the year 1869, Allen M. Ghost, as the agent of

30

the plaintiff, purchased lot fourteen, in block fifty-four, in the city of Lincoln, and paid for the same with money belonging to the plaintiff, but took the deed of conveyance in his own name. The deed was recorded on the seventh day of July, 1874. On the eighth day of January of that year, Ghost conveyed the lot in question to the plaintiff by a deed of general warranty. From some cause which does not clearly appear, this deed was not recorded until the nineteenth day of June, 1876. In November, 1874, Titus Fish, and others, recovered a judgment in the district court of Lancaster county against Allen M. Ghost and J. C. Clark, for the sum of $510.97, on which, prior to the third day of May, 1876, there had been paid about $250.00, but which sum was not credited on the records of the court. On the third day of May, 1876, an execution was issued on the judgment in question for the full amount thereof, and was levied upon certain real estate in section eighteen (no township or range given), belonging to the defendants, which lands were sold on the twenty-first day of June, 1876, to the defendant, for the sum of $347.00; and lot fourteen, in block fifty-four, was sold to the defendant for the sum of $200.00. The petition also alleges that E. Mary Gregory did not pay the sheriff the sums she so bid for the property in question, but that afterwards she procured in a hasty manner a confirmation of the sale of said real estate, and afterwards the sheriff executed a deed to the purchaser for the same. The defendants demurred to the petition, assigning as grounds therefor, that the facts stated therein were not sufficient to constitute a cause of action. The demurrer was sustained, and the cause dismissed. The plaintiff comes to this court upon petition in error.

The rule is well settled in this court that the lien of a judgment attaches only to the actual interest which

the judgment debtor had in the land at the time it was rendered; it is subject to every equity existing against the debtor at the time of its rendition. *Galway v. Malchow*, 7 Neb., 285. *Metz v. The State Bank, Id.*, 165.

As the lien of a judgment creates no interest in the land until after a sale and conveyance thereof, the purchaser is chargeable with any notice, either actual or constructive, which he may have received prior to the sale of any outstanding title.

In the case at bar, the deed of the plaintiff was recorded two days before the sale took place, and was notice to the defendant of the plaintiff's title. The defendants insist that as the plaintiff's deed was not recorded at the time of the levy, the judgment creditor acquired a specific lien upon the property by the levy; that the defendants' rights are acquired under the right of Fish, the judgment creditor, and whatever right he had passed to the purchaser. Upon whose property was this levy made? It will not be contended that it belonged to Ghost. He had no interest in it whatever. Upon what principle, then, when the purchaser has notice, can you take the property of a person not liable for the payment of a debt and apply it in satisfaction thereof? Such a rule, if adopted, would violate every principle of justice, and make the material inquiry upon levying an execution, not the ownership of the property, but the condition of the record. The object of the registry law is to protect purchasers without notice, and parties acquiring specific liens for a valuable consideration, and not to furnish the means by which owners of real estate may be robbed of their property.

Under section 500 of the code of civil procedure, a sheriff's deed vests in the purchaser the same estate as was vested in the judgment debtor at or after the time the lands became liable to the satisfaction of the judg-

ment. As at that time the judgment debtor had no interest in the land in question, and as the purchaser had notice at the time of the purchase of that fact, she acquired no title by the deed of the sheriff to the lot in question. The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.