SAMUEL WESTHEIMER, PLAINTIFF AND APPELLANT, V.
WILLIAM L. REED, ELIZABETH K. REED, JOHN A.
KILLMER, CYRUS LANGWORTHY, AND THE BUR-
LINGTON & MISSOURI RIVER RAILROAD COMPANY
IN NEBRASKA, DEFENDANTS AND APPELLEES.

**Execution Sale**: TITLE ACQUIRED BY PURCHASER.  In a sale of
real estate upon execution, the purchaser acquires no greater
right or title to the land sold than the judgment debtor had at
and prior to the time of the sale; and an after acquired title of
the judgment debtor will not inure to the benefit of such pur-
chaser.

APPEAL from the district court of York county.  Heard
below before NORVAL, J.

*Mason & Whedon,* for appellant, cited: *Filley v. Dun-
can,* 1 Neb., 134.

*Sedgwick & Power,* for appellee Killmer, cited: Drake on
Attachment, § 223.  *Merchants v. O'Connor,* 29 Ohio State,
654.  *Board v. Shaw,* 15 Kan., 41.

REESE, J.

On the 15th day of March, 1883, the plaintiff filed his
petition in the district court of York county alleging in
substance, that at the adjourned term, 1880, of the United
States circuit court for the district of Nebraska, the plain-
tiff obtained a judgment against W. A. Reed, one of the
defendants, for the sum of $651.20; that an attachment
had before that time been issued in said cause, and levied
on the real estate in question.  An order of sale was issued
thereon on the 23d day of April, 1880, directed to the
marshal, requiring him to make the amount of the judg-
ment and interest from March 27, 1880 (probably the date
of the judgment).

On the 27th day of April, 1880, the marshal levied on the land, and on the 31st day of May, following, he sold it to the plaintiff for the sum of $400. At the following November term of said court, the sale was confirmed, and a deed ordered to be made. On the 6th day of January, 1881, the marshal executed the deed to the plaintiff, who caused it to be recorded on the second day of April following. At the time of the levy under the attachment, and of the sale by the marshal, Reed was the owner and in possession of the land by virtue of the contract of purchase, more particularly set forth in the petition, and seized of a legal and equitable estate therein   The Burlington & Missouri River Railroad Company in Nebraska being the owner of said land by grant from the United States, on the 22d day of June, 1880, by contract for a deed, sold and contracted said land to F. W. Liedtke, at which time Liedtke paid $100 of the purchase price. Subsequently, and prior to the 31st day of January, 1881, Reed, with his own money and for his own use, purchased the contract of Liedtke, and took possession of the land, but Liedtke still retained the contract in his own name. At that time, Reed was indebted to the plaintiffs, as shown by said judgment, and in failing circumstances. On the 31st day of January, 1881, Reed, with fraudulent intent, procured Liedtke to assign the contract to Elizabeth K. Reed, his wife, and on the 14th day of November, 1881, for the purpose of keeping the land out of the reach of his creditors, Reed caused his wife to assign the contract to Cyrus Langworthy, a brother-in-law of said Reed. On the 18th of May, 1882, in furtherance of the fraudulent design, Langworthy assigned the contract to John C. Killmer. Langworthy and Killmer took their assignments with full knowledge of all the facts. Payments have been made to the R. R. company since the sale to Liedtke by the holders of the contract, but Reed has furnished the money to make such payments. · The remainder of the purchase price of

the land has been tendered to the R. R. company and a deed demanded, which was refused. Prayer for decree requiring Reed, Langworthy, and Killmer to assign and deliver the contract to the plaintiff as it stood at the date of the attachment, and that the R. R. company be required to make to him a deed upon the payment of the residue of the purchase money.

To this petition a general demurrer was filed, which was sustained and the cause dismissed. The plaintiff brings the suit into this court for the purpose of reversing the judgment of the district court.

By an examination of the petition we find that the land was not sold by the R. R. company until nearly a month after the sale by the marshal, and that Liedtke did not sell the contract to Reed until after the marshal's deed had been made, and that during all the legal proceedings against the land as the property of Reed it belonged to the R. R. company. There is no fraud alleged as between the R. R. company and Liedtke. Therefore, Reed had no title to the land at the time of the sale, and the plaintiff received nothing by his purchase. The plaintiff in attachment can acquire no higher right to attached property than the debtor had at the time of the levy of the attachment. Drake on Attachment, § 223. And the purchaser at sheriff's (or marshal's) sale acquires no greater right or title than the judgment debtor had at the time of sale or prior thereto. Compiled Statutes, § 500, civil code. *Mansfield v. Gregory,* 8 Neb., 432.

It is true the plaintiff alleges that at the time of the rendition of the judgment the defendant, Reed, was the owner of and in possession of the land. But it is further alleged that such ownership and possession "was by virtue of the contract of purchase hereinafter more particularly set forth," and in the latter part of the petition he "sets forth" the "contract of purchase" made by the railroad company to Liedtke, and alleges that Reed "took possession of said

land " in 1881, under his purchase from Liedtke. Applying the well-settled rules for the construction of pleadings to these allegations, we are required to adopt the latter allegation as the true one, and by this we are informed that his possession dates only from his purchase from Liedtke.

It is finally claimed by the plaintiff that "this is a creditors' bill to reach assets of the judgment debtor which are charged to be fraudulently covered by the co-defendants of the judgment debtor." We cannot so consider it. There is no allegation that the defendant, Reed, is insolvent, nor that he has no personal or real property subject to execution sufficient to satisfy the judgment, and it is clearly apparent that the pleader had no thought of a creditors' bill when drawing the petition. Viewed as such a bill, it is equally clear that the demurrer was properly sustained.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.