SARAH A. HUBBART, PLAINTIFF AND APPELLANT, V. PARIS A. WALKER ET AL., DEFENDANTS AND APPELLEES.

**Real Estate:** UNRECORDED DEED: LIEN OF JUDGMENT: SHERIFF'S DEED. Land conveyed by McK. to W., May 13, 1869. Deed remained in the hands of W. unrecorded until May 22, 1880, when the same was duly recorded. On the 4th day of August, 1873, L. & B. filed a transcript of judgment in the office of the clerk of the district court of the proper county against McK. Execution issued thereon February 7, 1876. Levy made on land same day. March 11, 1876, sold by sheriff to G. Sheriff's deed on said sale June 20, 1881. Deed to G. supposed to have been recorded the same day. Deed from G. to H. In ejectment by H. v. W. *et al.*; *Held*, That W. holds the land by the title conveyed to him by McK. absolutely unaffected by the judgment of L. & B., or the legal proceedings thereon under which plaintiff claims. Judgment for defendants upheld.

APPEAL from Lancaster county district court. Tried below before POUND and MITCHELL, J.J.

*John S. Gregory,* for appellant.

*Ryan Brothers,* for appellees.

COBB, J.

This case was tried in the court below on a stipulation of facts of which the following is the substance:

"1. That on the 13th day of May, 1869, John M. Mc Kesson was the owner in fee simple of the land in controversy, and on said day he executed and delivered to Paris Walker a warranty deed, good and sufficient in form, conveying to said Walker the said land.

"2. On the 11th day of June, 1869, the said Paris Walker duly filed said deed for record in the clerk's office of Lancaster county, and paid the fee required for recording the same.

"3. That the said clerk of Lancaster county duly endorsed upon said deed the date of filing, but upon entering the description of the land, described said land as situated in township 10 north, range six (6) east, instead of being situated in range seven (7) east, as was in said deed described.

"4. This misdescription was made upon the indexes, and upon the record of deeds. And after said clerk had so erroneously recorded said deed he returned the same to Paris Walker.

"5. On the 21st day of July, 1875, said Paris Walker sold and conveyed by warranty deed said land unto Simon Kelley, and said deed was recorded on July 22, 1875, in book "R" of deeds of Lancaster county, at page 18.

"6. On the 22d day of April, 1880, Paris Walker caused his deed of May 13, 1869, to be refiled for record,

and the same was properly recorded in book No. 4 of deeds, at page 344.

"7.    On August 4, 1873, Leighton & Brown filed a transcript of judgment from the probate court of Lancaster county in the office of the clerk of the district court of said county against J. M. McKesson, and thereupon, the 7th day of February, 1876, execution was issued thereon, and under proceedings thereon deed for said premises was executed and delivered by the sheriff as is shown by exhibits attached to the stipulation and filed in this cause.

"8.    The claim of title upon the part of the plaintiff is derived by mesne conveyance from the grantee in said last mentioned deed; and the same.is regular in form.

"9.    The said land is not and has not been in such actual possession by either party to this action, so as to charge either party with notice of—or by—possession."

It also appears from the record, or the exhibit attached to the stipulation and referred to therein, that the sheriff's deed under which the plaintiff claims the land was executed on the 20th day of June, 1881.

The least that can be claimed for the deed from John M. McKesson to Paris Walker is, that from the day of its date and delivery, May 13, 1869, to the day of its recording, April 22, 1880, it was an unrecorded deed, and after the latter date it is a recorded deed.

By virtue of the execution and delivery of the deed, the title to the land passed from McKesson to Walker, to all intents and purposes, so far as the question involved in this case is concerned, except that under the registry laws of the state until the deed should be recorded in the proper county the land still remained subject and liable to be applied to the payment of McKesson's debts.    But in order to do this the creditor of McKesson seeking to apply it must take all the necessary legal proceedings for such application while the deed from McKesson to Walker remains unrecorded.    So I understand the effect of section 16 of chap. 73, Compiled Statutes, which is as follows:

"All deeds, mortgages, and other instruments of writing which are required to be recorded, shall take effect and be in force from and after the time of delivering the same to the register of deeds for record, and not before, as to all creditors and subsequent purchasers in good faith without notice; and all such deeds, mortgages, and other instruments shall be adjudged void as to all such creditors and subsequent purchasers without notice whose deeds, mortgages, and other instruments shall be first recorded; *Provided*, That such deeds, mortgages, or instruments shall be valid between the parties."

Had Walker neglected or failed to have his deed recorded or filed with the register for record until the sheriff's deed to Mrs. Gregory was filed for record, or, in the language of the statute, "first recorded," he would have lost the land, and as to her and the judgment creditors at whose sale she purchased, Walker's deed would be adjudged void. But he had his deed recorded fourteen months before she received hers, hence his title is absolutely unaffected by the legal proceedings under which she claims.

Wishing to decide this case squarely on the main legal proposition involved, the points raised by counsel for defendants will not be examined.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.