G. R. SHEASLEY, APPELLEE, V. F. G. KEENS, APPELLANT.

FILED APRIL 10, 1896.    No. 5985.

1. **Unrecorded Deeds:** SHERIFFS' DEEDS: SUPERIOR TITLE. A prior unrecorded deed, passing the legal title, made in good faith for a valuable consideration, will take precedence of a title based on a judicial sale, made under an attachment or execution, if such deed be recorded before the evidence of the title based on the judicial sale is recorded. *Harral v. Gray,* 10 Neb., 186, followed.

2. **Lis Pendens:** CONSTRUCTIVE NOTICE: VALIDITY OF STATUTE. The amendment of section 85 of the Code of Civil Procedure passed and approved March 31, 1887, considered, and *held* (1) that so much of said amendment as makes a *lis pendens* filed at the commencement of an action or cross-action affecting the title to real estate constructive notice of such action to all persons not parties thereto who thereafter deal with the subject-matter thereof, is valid; (2) that so much of such amendment as makes a *lis pendens* filed at the commencement of an action or cross-action affecting the title to real estate, or a *lis pendens* filed at any time after the commencement of such action or cross-action, constructive notice of such action to the holders of liens, incumbrances, or conveyances of said real estate, executed prior to the filing of such *lis pendens*, is unconstitutional and void.

APPEAL from the district court of Buffalo county. Heard below before HOLCOMB, J.

*R. A. Moore,* for appellant.

References: *Mansfield v. Gregory,* 8 Neb., 432; *Wright v. Smith,* 11 Neb., 343; *Collingwood v. Brown,* 10 S. E. Rep. [N. Car.], 868; *Norton v. Birge,* 35 Conn., 250; *Hoyt v. Jones,* 31 Wis., 399; *Day v. Thompson,* 11 Neb., 123; *Sterns v. O'Connell,* 35 N. Y., 109; *Foorman v. Wallace,* 17 Pac. Rep. [Cal.], 681; *Gassen v. Hendrick,* 16 Pac. Rep. [Cal.], 242; *Frey v. Clifford,* 44 Cal., 335; *Schluter v. Harvey,* 65 Cal., 158; *Hannahs v. Felt,* 15 Ia., 143; *Carter v. Champion,* 8 Conn., 549; *Peck v. Webber,* 7 How. [Miss.], 658; *People v. Cameron,* 7 Ill., 468; *Lyon v. Sandford,* 5 Conn., 544; *Munroe v. Luke,* 19 Pick. [Mass.], 41; *Lincoln Rapid Transit Co. v. Rundle,* 34 Neb., 559.

*Fred A. Nye, contra.*

References: *Harral v. Gray*, 10 Neb., 186; *Galway v. Malchow*, 7 Neb., 285; *Mansfield v. Gregory*, 8 Neb., 432, 11 Neb., 297; *Hubbart v. Walker*, 19 Neb., 94; *Keeling v. Hoyt*, 31 Neb., 453.

RAGAN, C.

On the 31st day of March, 1890, D. A. McElheney owned certain real estate in the city of Kearney, Nebraska, and on that date, for a valuable consideration, sold and conveyed it by deed to G. R. Sheasley. Sheasley did not record his deed until the 1st day of November, 1890. On the 19th day of May, 1890, Keens sued McElheney at law in the district court of Buffalo county to recover a sum of money which he alleged was due him from McElheney on a contract in writing; and at the time of filing his petition in that case Keens caused an attachment to be issued auxiliary to his law action and levied upon the property which McElheney had conveyed to Sheasley. At the time of filing his petition and suing out his attachment, Keens, in accordance with the provisions of section 85 of the Code of Civil Procedure, filed in the office of the register of deeds of said Buffalo county a notice of the pendency of such action, reciting, among other things, that the real estate in controversy had been attached to satisfy whatever judgment might be rendered therein. Keens duly prosecuted his action, and judgment was rendered finding the amount due him from McElheney and sustaining the attachment and ordering the real estate sold to pay the amount found due. The sale of the real estate was duly made, Keens becoming the purchaser. This sale was confirmed and a deed ordered and issued to Keens for the property, which deed Keens put upon record after November 1, 1890. At the time Keens brought suit and filed notice under the statutes the property stood on the records of Buffalo county in the name of McElheney, and Keens had no knowledge

or notice that Sheasley owned or claimed the property until about the time the order of sale was issued for the sale of the property under the attachment. At that time, however, Keens was notified that Sheasley claimed the property by an unrecorded deed from McElheney dated the 31st of March, 1890. This action was brought by Sheasley in the district court of Buffalo county to cancel as a cloud upon his title the deed held by Keens based on the judicial sale above mentioned. Sheasley had a decree as prayed and Keens has appealed. The question presented by the record is this: Which has the better title to the real estate in controversy, Sheasley, who claims under the purchase and conveyance from McElheney, or Keens, who holds a conveyance for the property based on the judicial sale made thereof under the attachment proceedings had while Sheasley's deed was unrecorded and while Keens was entirely ignorant that Sheasley had any claim or title to the property?

1. Section 16, chapter 73, Compiled Statutes, provides: "All deeds, mortgages, and other instruments of writing which are required to be recorded shall take effect and be in force from and after the time of delivering the same to the register of deeds for record, and not before, as to all creditors and subsequent purchasers in good faith without notice; and all such deeds, mortgages, and other instruments shall be adjudged void as to all such creditors and subsequent purchasers without notice whose deeds, mortgages, and other instruments shall be first recorded; *Provided,* That such deeds, mortgages, or instruments shall be valid between the parties." This statute has been in force since 1857 and was re-enacted by the legislature of 1887. The statute just quoted was first construed by this court in *Bennet v. Fooks,* 1 Neb., 465. In that case Fooks made a mortgage on the 2d of October, 1857, upon certain real estate. This mortgage was not filed for record until April 6, 1858. One Moffit obtained a judgment against Fooks in December, 1857, on which an execution was issued and levied upon the mortgaged

real estate, and the same was sold to him on the 30th
of January, 1858, and on that date the sheriff issued to
him a certificate of the sale.    Up to this time Moffit had
no knowledge of the existence of the mortgage.    At that
time the law did not require judicial sales to be confirmed
by the court; and the certificate of sale issued by the
sheriff to the purchaser at the judicial sale entitled the
latter to a deed for the premises unless the execution
debtor redeemed them within a certain time.    In a suit
to foreclose the mortgage, brought subsequent to the date
it was filed for record, the court held that the purchaser
of the real estate at the execution sale had acquired a
title divested of the lien of the mortgage.    The construc-
tion of the section of the statute quoted above was again
before the court in *Galway v. Malchow*, 7 Neb., 285, and in
that case the court overruled *Bennet v. Fooks, supra*, and
held, in effect, that a title or lien to real estate based on
an unrecorded conveyance thereof would prevail over a
title thereto based on a judicial sale of said real estate,
provided the unrecorded conveyance should be filed for
record before the conveyance based on the judicial sale
was recorded.    To the same effect are *Mansfield v. Gregory*,
8 Neb., 432; *Harral v. Gray*, 10 Neb., 186; *Mansfield v.
Gregory*, 11 Neb., 297; *Hubbart v. Walker*, 19 Neb., 94.    To
state the effect of the cases quoted above by paraphras-
ing the language of COBB, J., in *Harral v. Gray, supra*, a
prior unrecorded deed, passing the legal title, made in
good faith for a valuable consideration, will take prece-
dence of a title based on a judicial sale made under an
attachment or execution if such deed be recorded before
the evidence of the title based on the judicial sale is re-
corded.    Applying the doctrine of these cases last cited
to the facts of the case at bar, it is clear that if Keens'
title depends upon the construction of the statute quoted
above it must fail, for two reasons: (1) The deed which
he obtained to the real estate in pursuance of the judicial
sale made thereof was not filed for record in the office of
the register of deeds until after the deed made by McEl-

heney to Sheasley was recorded; and (2) before the judicial sale was confirmed on which Keens' title was based he had actual knowledge that Sheasley clamed title to the real estate by virtue of the McElheney deed.

2. Section 85 of the Code of Civil Procedure, so far as the same is material here, is as follows: "When the summons has been served or publication made the action is pending so as to charge third persons with notice of pendency, and while pending, no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff's title. *Provided, however,* That in all actions brought to effect the title to real property the plaintiff may, either at the time of filing his petition or afterwards, file, or in case any defendant sets up an affirmative cause of action and demands relief which shall affect the title to real estate, may at the time of filing such answer, or any time afterwards, file with the clerk or register of deeds of each county in which the said real estate thus to be affected, or any part thereof, may be situated, a notice of the pendency of such action, containing the names of the parties, the object of the action, and a description of the property in such county sought to be affected thereby.    *    *    * From the time of filing such notice shall the pendency of such action be constructive notice to any purchaser or incumbrancer to be affected thereby, and every person whose conveyance or incumbrance is subsequently executed or subsequently recorded shall be deemed to be a subsequent purchaser or incumbrancer, and shall be bound by all proceedings taken in said action, after the filing of such notice, to the same extent as if he were made a party to the action." That part of section 85 of the Code of Civil Procedure quoted above preceding the words "provded, however," has existed in this state for many years as section 85 of the Code of Civil Procedure.   In the year 1887 (see Session Laws, 1887, p. 643) the legislature amended said section 85 by adding to it the words "provided, however," and all the language which follows those words.   Counsel for

the appellant now contends that his client's title to the
real estate in controversy does not depend upon said sec-
tion 16, chapter 73, Compiled Statutes, quoted above, and
the construction placed on said section by the decisions
of this court above cited, as said decisions were all ren-
dered prior to the said amendment of said section 85.
Counsel's contention is that by reason of the *lis pendens*
filed by Keens at the time he brought his suit against
McElheney, and caused the real estate in controversy to
be attached, that Sheasley was in effect made a party to
that action; that the *lis pendens* operated as constructive
service upon Sheasley and bound him by the judgment
rendered in the suit of Keens against McElheney in the
same manner and to the same effect as he would have
been bound had he been in fact a party defendant to that
action and served with constructive service; and that as
Sheasley made no defense to that suit, did not appear
therein and set up his claim of title, that he cannot now
in this, a collateral proceeding, question appellant's title.
This is doubtless a correct construction of said section 85
of the Code of Civil Procedure as it now exists; and this
brings us to a consideration of the provisions of the
amendment to said section made by the legislature in
1887.

The section as it stood prior to the amendment was as
follows: "When the summons has been served or publi-
cation made the action is pending so as to charge third
persons with notice of pendency, and while pending no
interest can be acquired by third persons in the subject-
matter thereof as against the plaintiff's title." The Ro-
man or civil law provided: "A thing concerning which
there is a controversy is prohibited during the suit from
being alienated." (Bennett, Lis Pendens, 63.) And one of
the rules adopted by Lord Bacon when chancellor of
England was in this language: "No decree bindeth any
that cometh in *bona fide* by conveyance from the defend-
ant before the bill exhibited and is made no party neither
by bill nor order, but where he comes in *pendente lite*, and

while the suit is in full prosecution, and without any color or allowance or privity of the court, there regularly the decree bindeth." (Bennett, Lis Pendens, 57.) It will thus be seen that this section of the Code, as it existed prior to its amendment in 1887, was a legislative adoption of the equity rule of *lis pendens* that had existed from time immemorial. Doubtless the rule owed its origin to considerations of public policy and was designed to give force and effect to decrees affecting property and to inspire confidence in titles based on such decrees. By the provisions of said section 85, as it existed prior to this amendment, third persons acquiring an interest in property in litigation were only bound by the judgment rendered in such action if they acquired their interest in the property after such action was pending; and the action was declared to be pending after the summons had been served or publication made on the defendants to the action. An analysis of the amendment made by the legislature shows that two things were attempted: (1.) To make a *lis pendens*, filed at the time an action or cross-action was brought affecting the title to real estate, constructive notice to persons, not parties to the suit, acquiring any interest in the subject-matter thereof, from the time of the filing of such *lis pendens*, instead of from the time when the suit pended as to the defendants therein. We know of no provisions of the constitution which this part of the amendment violates. It is not amendatory of, nor does it conflict with, any other statute prescribing the time in which a suit shall be deemed pending as to persons not made parties thereto. It is not in conflict with section 19 of the Code of Civil Procedure, because that section prescribes the time in which an action shall be deemed pending as to the defendants thereto. (2.) But the amendment under consideration also attempts to make a *lis pendens* filed at the commencement of an action or cross-action affecting the title to real estate, or a *lis pendens* filed any time after the commencement of such action or cross-action, constructive notice

to the holders of unrecorded conveyances or incum-
brances of such real estate, though executed prior to the
time of the filing of such *lis pendens.* The holder of an
unrecorded deed or mortgage affecting the real estate in-
volved in the litigation in which the *lis pendens* is filed,
though such mortgage or deed was executed long prior
to the time of the filing of the *lis pendens,* is, by the amend-
ment, in effect, made a party to the suit in which the *lis
pendens* is filed, and declared to be bound by the judgment
rendered in that action, in the same manner as if he was
in fact made a party to the suit and served with notice
by publication. Section 77 of the Code of Civil Proced-
ure, in force when the amendment under consideration
was enacted and in force long prior to that time, defines
in what cases constructive service may be had and upon
what persons; and by this section constructive service
is limited to non-residents of the state and foreign cor-
porations, except where the defendant, being a resident
of the state, has departed therefrom or from the county
of his residence with intent to delay or defraud his cred-
itors or to avoid the service of summons or keeps himself
concealed therein with a like intent. It will thus be seen
that the legislature, by enacting the amendment to said
section 85, has amended section 77 of the Code of Civil
Procedure providing for constructive service. The title
to the act by which the section was amended is as fol-
lows: "An act to amend section 85 of the Code of Civil
Procedure in regard to *lis pendens,* and to repeal said
original section." Nowhere in the title of this act is any
reference whatever made to constructive service or to
the statutes upon that subject. The title of the act does
not purport to deal with the subject of constructive ser-
vice, nor amend section 77 of the Code of Civil Procedure.
In other words, the legislation embraced in the amend-
ment is entirely foreign to the object of the act as ex-
pressed in its title. It therefore violates section 11, arti-
cle 3, of the constitution, which declares: "No bill shall
contain more than one subject, and the same shall be

clearly expressed in its title. And no law shall be amended unless the new act contain the said section or sections so amended, and the section or sections so amended shall be repealed." (See, also, *Smails v. White,* 4 Neb., 353; *City of Tecumseh v. Phillips,* 5 Neb., 305; *Sovereign v. State,* 7 Neb., 409; *State v. Board of County Commissioners,* 10 Neb., 476; *State v. Board of County Commissioners,* 17 Neb., 85; *State v. Corner,* 22 Neb., 265.) We reach the conclusion, therefore, (1) that so much of the amendment to section 85 of the Code of Civil Procedure, passed and approved March 31, 1887, as makes a *lis pendens,* filed at the commencement of an action or cross-action affecting the title to real estate, constructive notice of the suit to all persons not parties thereto and thereafter dealing with the subject-matter thereof is valid; and persons who acquire an interest in the subject-matter of a suit affecting the title to real estate will hold such interest subject to the disposition made of the real estate by the judgment finally pronounced in the action; (2) that so much of said amendment as makes a *lis pendens,* filed at the commencement of an action or cross-action, affecting the title to real estate, or a *lis pendens* filed at any time after the commencement of such action or cross-action, constructive notice of such action to the holders of liens, incumbrances, or conveyances of said real estate, executed prior to the filing of such *lis pendens,* is unconstitutional and void. The decree of the district court is right and is

AFFIRMED.