GEORGE MORGAN V. STATE OF NEBRASKA.

FILED JUNE 3, 1896.  No. 8414.

Statutes: AMENDMENTS: CONSTITUTIONAL LAW: STENOGRAPHERS: COPY OF TESTIMONY: CRIMINAL LAW. Section 49 of an act entitled "An act to amend chapter 13, Revised Statutes of 1866, entitled 'Courts,' " passed and approved February 27, 1879, is unconstitutional and void, because said act amends section 5 of an act passed and approved February 19, 1877, without referring in its title to said section or act and without repealing said section 5.

ERROR to the district court for Douglas county. Tried below before SCOTT, J.

*W. R. Patrick* and *W. S. Summers*, for plaintiff in error. References: *State v. Moore*, 8 Neb., 22; *Supervisors v.*

*United States,* 4 Wall. [U. S.], 435; *City of Logansport v. Wright,* 25 Ind., 512; *Smith v. State,* 1 Kan., 365; *Thompson v. Carroll,* 22 How. [U. S.], 434; *Mason v. Fearson,* 9 How. [U. S.], 248; *People v. Buffalo County,* 4 Neb., 159; *Hurford v. City of Omaha,* 4 Neb., 351; *Stamper v. Miller,* 3 Atk. [Eng.], 212; *Rex v. Barlow,* 2 Salk. [Eng.], 609; *Curran v. Wilcox,* 10 Neb., 449; *State v. Gaslin,* 32 Neb., 296.

*A. S. Churchill, Attorney General,* and *George A. Day, Deputy Attorney General, contra.*

References: *Bohanan v. State,* 15 Neb., 212; *Paulson v. State,* 25 Neb., 347; *Argabright v. State,* 46 Neb., 822; *Burlington & M. R. R. Co. v. Saunders County,* 9 Neb., 507; *Ex parte Thomason,* 16 Neb., 238; *Herold v. State,* 21 Neb., 50; *State v. Lancaster County,* 17 Neb., 85; *State v. Hurds,* 19 Neb., 323; *Messenger v. State,* 25 Neb., 676; *Miller v. Hurford,* 11 Neb., 381; *Gatling v. Lane,* 17 Neb., 84; *Smailes v. White,* 4 Neb., 355; *Ryan v. State,* 5 Neb., 280; *State v. Pierce County,* 10 Neb., 477.

Ragan, C.

In the district court of Douglas county George Morgan was convicted of the crime of murder in the first degree and by said court sentenced to suffer death by hanging. For the purpose of prosecuting to this court error proceedings to have said judgment reviewed, Morgan requested the district court to direct its short-hand reporter to make out and deliver to him, gratuitously, a long-hand copy of the short-hand notes of the evidence in such case in which Morgan had been convicted. Morgan supported this application by his affidavit that he was unable, by reason of his poverty, to pay for the long-hand copy of the evidence. The district court refused to comply with this request of Morgan's, and to reverse its ruling Morgan prosecutes here a petition in error.

Section 49, Chapter 19, Compiled Statutes of 1895, is as follows: "It shall be the duty of such reporter to furnish, on the application of the district attorney or any party

to a suit in which a stenographic record of proceedings has been made, a long-hand copy of the proceedings so recorded, or any part thereof, for which he shall be entitled to receive, in addition to his salary, a fee of five cents per hundred words, to be paid by the party requesting the same, except where such copy is required by the district attorney on the part of the state, in which case the reporter shall furnish such copy without the payment of any fee; *Provided also*, That in all criminal cases wherein, after conviction, the defendant shall make an affidavit that he is unable, by reason of his poverty, to pay for such copy, the court or judge thereof may, by order indorsed on such affidavit, direct the reporter to make such copy without the payment of any fee. It shall be the duty of the reporter to deliver such long-hand copy of the proceedings therein, within forty days from the final adjournment of the term at which the judgment is rendered, to the party demanding it." Morgan bases his claim to have the short-hand reporter of the district court furnish him gratuitously a long-hand copy of the evidence on the provisions of this statute. But the honorable the attorney general insists that the statute just quoted is unconstitutional and void, and that, therefore, the order of the district court cannot be disturbed. The constitutionality of the statute just quoted is the only point which we shall consider. On the 9th day of February, 1875 (see Session Laws of 1875, p. 63), the legislature passed an act entitled "An act to provide for short-hand reporters for the district courts." By section 1 of this act the judges of the district courts were each required to appoint a short-hand reporter. Section 2 of said act provided for the taking of the oath by the reporter appointed, and prescribed the reporter's duties. Section 3 of said act was as follows: "They [the short-hand reporters] shall receive compensation as follows: For each day actually employed in court taking testimony, the sum of five dollars, to be awarded and paid by the county upon the certificate of the judge; and for

making transcripts thereof, for each one hundred words the sum of ten cents; the same in criminal cases, to be audited and paid in the same manner; but where such transcripts are required in any civil case the fees thereof shall be paid by the party desiring the same, and the amount allowed such reporter shall in all instances, except where the defendant in the criminal case is acquitted, be taxed as part of the costs." On the 19th day of February, 1877 (see Session Laws, 1877, p. 158), the legislature passed an act to provide stenographic reporters for the district courts and to repeal the act of February 9, 1875, just quoted. Section 5 of said act of 1877 was as follows: "It shall be the duty of such reporter to furnish, on the application of the district attorney or any party to the suit in which a stenographic record of proceedings has been made, a long-hand copy of the proceedings so recorded, or any part thereof, for which he shall be entitled to receive, in addition to his salary, a fee of ten cents per hundred words, to be paid by the party requesting the same, except where such copy is required by the district attorney on the part of the state, in which case the reporter shall be paid by the county upon the certificate of the judge presiding." In 1879 (see Session Laws, 1879, p. 82), the legislature passed an act entitled "An act to amend chapter 13, Revised Statutes of 1866, entitled 'Courts,'" section 49 of said chapter being section 49, chapter 19, Compiled Statutes of 1895, the statute herein just quoted.

It will be observed that by section 5 of the act of 1877, quoted above, the official court reporter, in addition to his salary, was entitled to collect a fee of ten cents per hundred words for making out a long-hand copy of the evidence taken in a case; that this fee was to be paid by the party requesting the long-hand copy, unless the copy was ordered by the district attorney on behalf of the state, in which case the reporter was to be paid his fee by the county. By section 49 of the act of 1879 the reporter, in addition to his salary, is allowed a fee of five

55

cents per hundred words for making out a long-hand copy of the evidence. This fee is to be paid by the party requesting the long-hand copy, unless the same is required by the district attorney on the part of the state, in which case the reporter is required to furnish the long-hand copy gratuitously. The said section 49 further provides that a district court or a judge thereof may require the official reporter to furnish gratuitously to the defendant a long-hand copy of the evidence, taken in a criminal case in which the defendant had been convicted, upon the filing by such defendant of an affidavit that he is unable, by reason of his poverty, to pay the fees for such long-hand copy of the evidence. Said section 49 of the act of 1879 amends said section 5 of the act of 1877, but the title of the act of 1879 is "An act to amend chapter 13, Revised Statutes of 1866, entitled 'Courts.'" Nowhere in the title to this act is any reference made to official court reporters or stenographic reporters, and they are nowhere mentioned in chapter 13, Revised Statutes, 1866, amended by the act of 1879. Said section 5 of the act of 1877 was neither referred to in the title of the act of 1879, nor repealed by that act. Now section 11, article 3, of the constitution provides: "No bill shall contain more than one subject, and the same shall be clearly expressed in its title. And no law shall be amended unless the new act contain the section or sections so amended, and the section or sections so amended shall be repealed." We think, therefore, that the contention of the attorney general must be sustained; that section 49 of the act of 1879, passed and approved February 27, 1879, is unconstitutional and void, because said act amends section 5 of the act passed and approved February 19, 1877, without referring in its title to said section or act and without repealing said section 5. (See *Sheasley v. Keens*, 48 Neb., 57, and cases there cited.) The order of the district court is

AFFIRMED.