## HECK v. NICHOLAS et al.

(Circuit Court of Appeals, Eighth Circuit.
April 6, 1925.)

No. 6772.

**1. Constitutional law ⊗═87—State's sovereignty over real property is supreme, including right to establish rules of law and procedure for transfers of title.**

State's sovereignty over real property within its boundaries is supreme, and it may establish rules of law and procedure affecting transfers and settlement of title without violating federal Constitution, provided property is brought under control of its court and reasonable opportunity to be heard given all interested parties.

**2. Action ⊗═16—Action to remove lien or set aside mortgage affecting real property is action in rem.**

Action to remove lien or set aside mortgage affecting real property is in principle an action in rem.

**3. Lis pendens ⊗═25(1)—Nonresident purchaser of note and assignee of mortgage, failing to record assignment before institution of suit to cancel mortgage, held bound by decree therein.**

Nonresident purchaser of note, taking assignment of mortgage of realty securing it, but failing to record his assignment before institution of suit to cancel mortgage and filing of lis pendens, under Comp. St. Neb. 1922, § 8595, *held* bound by decree canceling mortgage.

Appeal from the District Court of the United States for the District of Nebraska; Joseph W. Woodrough, Judge.

Suit by F. G. Heck against Alva D. Nicholas and another. From a decree of dismissal, plaintiff appeals. Affirmed.

William Ritchie, Jr., of Omaha, Neb. (Haff, Meservey, Michaels, Blackmar & Newkirk, of Kansas City, Mo., Ritchie, Canady & Swenson, of Omaha, Neb., and Charles M. Blackmar, of Kansas City, Mo., on the brief), for appellant.

W. A. Meserve, of Creighton, Neb., and J. F. Boyd, of Neligh, Neb., for appellees.

Before SANBORN, Circuit Judge, and POLLOCK and SYMES, District Judges.

SYMES, District Judge. It appears that as the result of certain transactions with the Stewart Land Company, which are not material to this case, the appellees, Alva D. and Ethel B. Nicholas, executed their promissory note, dated August 24, 1920, for $6,500, payable August 24, 1923, to secure which they gave a mortgage upon certain real property situated in Antelope county, Neb. The note and mortgage were made payable to one T.

B. McNear, who on July 13, 1921, before maturity, indorsed and transferred the same to the appellant, plaintiff below, F. G. Heck, a resident of Texas, at the same time executing a formal assignment of the mortgage, which was recorded in Antelope county, Neb., on October 12, 1921, long after its execution. As the result of these transactions Heck became the owner of the said note and mortgage for value, before maturity, without notice of any defects.

On September 2, 1921, the said Alva D. and Ethel B. Nicholas brought an action in the local state court for Antelope county, Neb., against the Stewart companies and McNear as defendants, to cancel the said note and mortgage, claiming they had been procured by fraud. On the same date they filed a lis pendens in accordance with the state statute in such cases made and provided, naming as defendants every party who had any record interest or claim in the property. Heck's interest was unknown to them, and he was not named in the lis pendens, or as a defendant, nor were any unknown defendants alleged to exist, or made parties as such. Heck's assignment was not recorded until after the filing of this lis pendens, but before answer day, and prior to entry of the final decree. This suit in the state court was duly prosecuted, and resulted in a default decree quieting title in the Nicholases, and canceling the note and mortgage, which during this time was in the hands of Heck as an innocent holder for value.

Thereafter Heck, as plaintiff, brought this suit against the said Alva D. and Ethel B. Nicholas in the federal court, asking for judgment on the note and the foreclosure of the mortgage. They answered, admitting the execution of the note and mortgage, and set up the proceedings and decree in the state court as a defense. The case was referred to a master, who made findings of fact and conclusions of law, which were affirmed by the court below, and the bill dismissed, thus, in effect, sustaining the defense that the decree of the state court was a bar to the plaintiff's action. The decree, however, was without prejudice to the rights of the complainant to seek relief in the suit in the state court, "or to sue at law to recover upon the note set out in the petition, wherever he may maintain said action." The plaintiff below, Heck, brings the case here on appeal.

It will be observed that federal jurisdiction depends upon the diversity of citizenship, and that the action concerns real property located in Nebraska. The question before us is: What is the effect of the above

decree upon the rights of Heck, a nonresident of Nebraska, an innocent holder for value of the note and mortgage?

That part of the lis pendens statute (section 8595, Comp. Stats. of Nebraska 1922), material to this discussion, reads as follows: "From the time of filing such notice the pendency of such action shall be constructive notice to any purchaser or incumbrancer to be affected thereby, and every person whose conveyance or incumbrance is subsequently executed or subsequently recorded shall be deemed to be a subsequent purchaser or encumbrancer, and shall be bound by all proceedings taken in said action after the filing of such notice to the same extent as if he were made a party to the action. * * "

The portion of the statute quoted was enacted in 1887, and when first tested was held unconstitutional (Sheasley v. Keens, 48 Neb. 57, 66 N. W. 1010), because, as the court seemed to think, it held the holder of a deed or mortgage affecting real estate, unrecorded when a lis pendens was filed, bound by the litigation the same as if he was in fact made a party to the suit and served by publication. That case was expressly overruled 10 years later in Munger v. Beard, 79 Neb. 764, 113 N. W. 214, 126 Am. St. Rep. 688, decided in 1907, reaffirmed in 87 Neb. 527, 127 N. W. 872, and approved in Gwynne v. Goldware, 102 Neb. 261, 166 N. W. 625, and Justice v. Shaw, 103 Neb. 423, 172 N. W. 253. This establishes it as a rule of property. That case directly passes on and interprets the lis pendens statute. It holds that, while this language does not and cannot make persons holding an unrecorded interest in property prior to the date of the commencement of an action concerning it, a party to the suit, yet it does estop them from asserting such interest against the plaintiff's rights as determined by the judgment entered in the suit.

Speaking of what the Legislature had the power to do, and did do, in this statute, the court said (p. 771 [113 N. W. 216]): "The Legislature, in the use of an undoubted power, exercised its right to say that a party who failed to place of record any interest held by him in real estate should be bound by a judgment entered in an action involving such property, where the record owners were made parties."

In other words, the purchaser of real estate under a decree of court in which a lis pendens has been filed takes title paramount to any conveyance or incumbrance not known to the plaintiff, or found of record when the lis pendens was filed. The reasoning of the opinion amply supports the conclusions announced. In the suit in the state court the statutes of Nebraska were fully complied with. Therefore Heck, holding an assignment of the mortgage that he had not recorded at the time the lis pendens was filed, occupies the position of a subsequent incumbrancer, and is bound by the decree of the state court, expressly canceling his mortgage, to the extent that it gave him any lien against the real property in controversy.

[1, 2] The sovereignty of a state is supreme over real property situated within its boundaries, and it may establish rules of law and procedure for the transfer and settlement of titles to real property, without violating the federal Constitution, provided the property in question is brought under control of its court, and a reasonable opportunity to be heard is given to all interested parties by actual or constructive notice, depending upon the circumstances of the case. It is for these reasons that recording acts, lis pendens, mechanic's lien, and other similar statutes affecting the title to real property are valid and agreeable to the due process clause of the federal Constitution. McCormick v. Sullivant, 10 Wheat. (23 U. S.) p. 192, 6 L. Ed. 300; Jackson v. Lamphire, 3 Pet. (28 U. S.) p. 280, 7 L. Ed. 679; U. S. v. Fox, 94 U. S. 315, at 320, 24 L. Ed. 192; Arndt v. Griggs, 134 U. S. 316, 10 S. Ct. 557, 33 L. Ed. 918; Security Bank v. Calif., 263 U. S. 282, at 287, 44 S. Ct. 108, 68 L. Ed. 301, 31 A. L. R. 391; Crittenden v. Dorn (C. C. A.) 274 F. 520, at 529. An action to remove a lien or set aside a mortgage affecting real property is in principle an action in rem to the same extent as an action to enforce a lien or foreclose a mortgage. Both act on the res. Dennison Brick & Tile Co. v. Chicago Trust Co. (C. C. A.) 286 F. 818, at page 821.

"Due process of law does not necessarily require personal service. The process or proceedings may be adapted to the nature of the case; especially is this true where no personal judgment is sought." Bowling v. U. S. (C. C. A.) 299 F. 438, at page 443, and cases cited.

"The courts, in examining the statutory proceedings such as found here, have refused to lay down any general rule as to what constitutes 'due process of law,' holding that the meaning should be determined in each particular case, provided that the forms of law established be just and equitable to all parties, considering each set of facts; that if the method be suitable in a specific case, and not arbitrary or oppressive, it is due

process of law." Johnson v. Peterson et al. (C. C. A.) 288 F. 735, at page 738.

"The owner of real estate, who is a nonresident of the state within which the property lies, cannot evade the duties and obligations, which the law imposes upon him in regard to such property, by his absence from the state. Because he cannot be reached by some process of the courts of the state, which, of course, have no efficacy beyond their own borders, he cannot, therefore, hold his property exempt from the liabilities, duties, and obligations which the state has a right to impose upon such property; and in such cases some substituted form of notice has always been held to be a sufficient warning to the owner, of the proceedings which are being taken under the authority of the state to subject his property to those demands and obligations." Arndt v. Griggs, supra, page 327 (10 S. Ct. 561).

[3] Of course, as stated in Jackson v. Lamphire, supra, cases may occur where the provisions of a particular enactment of this nature are so unreasonable as to violate some provision of the federal Constitution, in which event the federal court will interfere; but as no personal judgment was given against the nonresident, Heck, and his right to bring a personal action on the debt was expressly reserved to him, the case does not fall within the exception, and it follows that the state statute in question, as interpreted by the highest court of the state, is binding on the federal courts.

Inasmuch as the result would be the same under our opinion upon the merits as it would be if the appeal was dismissed, the motion to dismiss the appeal becomes immaterial, and has not been passed on.

The decree and judgment of the lower court is affirmed.