IRA C. MUNGER, APPELLEE, V. T. J. BEARD & BROTHER ET AL., APPELLANTS.

FILED SEPTEMBER 19, 1907. No. 14,826.

1. **Lis Pendens: CONSTITUTIONAL LAW.** The amendment to section 85 of the code made in 1887, enlarging the scope of our *lis pendens* statute, is not unconstitutional.

2. ———: OBJECT OF STATUTE. It was not the intention of the legislature, in providing for filing a notice of *lis pendens* in actions wherein the title of real property is involved, to make persons holding unrecorded conveyances of such property, or unrecorded incumbrances against the same, parties to the action, and to summon them into court by means of such *lis pendens* notice; nor is the effect of the amendment such as to make them parties, or to serve such holders of unrecorded interest with notice by publication. The true meaning of the amendment is to provide a means by which a party holding unrecorded instruments, or undisclosed or secret interests affecting the property in litigation,

may be estopped from asserting the same against the judgment finally entered in the action.

3. **Lis Pendens: EFFECT OF JUDGMENT.** The right of the legislature to provide that an unrecorded conveyance shall not be asserted against a subsequent conveyance made to a good faith purchaser is undoubted, and on the same principle its right to declare a judgment, defining the interest of a party to the suit in real estate involved in the action, paramount and superior to the interest conveyed by an unrecorded instrument, executed prior to the filing of a notice of *lis pendens*, cannot be doubted or questioned. *Sheasley v. Keens*, 48 Neb. 57, in so far as it holds any part of the amendment to section 85 of the code unconstitutional, disapproved and overruled.

4. ———: **NOTICE OF INTEREST IN PROPERTY.** The filing of a *lis pendens* notice does not cut off or affect the rights of one whose interest in the property affected by the suit is known to the plaintiff when the notice is filed.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JUDGE. *Reversed.*

*John O. Yeiser*, for appellants.

*C. E. Herring*, contra.

DUFFIE, C.

The following facts appear from the record in this case: One Anna J. Fitch, being the owner of lots 12 and 13, in block 99, in Dundee Place, an addition to the city of Omaha, executed a mortgage thereon to the Patrick Land Company, which mortgage was duly recorded August 31, 1888. The note which the mortgage was made to secure was sold and delivered to Ira C. Munger, and the mortgage duly assigned to him by the Patrick Land Company. January 17, 1894, Munger commenced an action to foreclose this mortgage, at the same time filing a *lis pendens* notice with the recorder of deeds of Douglas county. This action resulted in a decree of foreclosure, upon which a sale was made and a deed issued to the plaintiff, Ira C. Munger, of date March 9, 1896, and this deed was recorded August 26, 1899. In said foreclosure action T. J. Beard & Brother,

the appellants herein, were made parties defendant, being
the owners of a judgment against Anna J. Fitch, the
mortgagor, and which judgment they are now seeking to
enforce against the mortgaged property. They made a
personal appearance in the foreclosure action, but failed
to answer or plead therein, and their default was duly en-
tered. The foreclosure decree found $2,100 due on the
mortgage, and the sale realized the sum of $1,200. The
decree found that the mortgage was a first lien upon the
premises, and foreclosed all the parties defendant of all
equity of redemption or other interest or claim in the
mortgaged premises. Anna J. Fitch, the mortgagor, was
not served with summons in the foreclosure proceedings.
It appeared that she had deeded the property to R. C.
Patterson, who held the legal title at the commencement of
the foreclosure proceedings, and who was made a party
defendant. In his answer in that action, Patterson alleged
facts showing that his deed from Mrs. Fitch was taken
as security for money due from her, and it is upon this
phase of the case that the appellants base their claim.
Long after sale and recording of the deed growing out of
the foreclosure proceedings, and some time prior to March
15, 1904, the appellants revived their judgment against
Mrs. Fitch, caused execution to be issued thereon, and
the mortgaged property, foreclosed in the above men-
tioned action, levied on by the sheriff of Douglas county,
Nebraska, as the property of Mrs. Fitch, and the sheriff
advertised said lots to be sold on March 15, 1904. The
appellee brought this action to enjoin the sheriff and the
defendants from proceeding with the sale, their petition
setting up the facts above recited. The answer of the
appellants admits the facts above set forth, but alleges
that it was disclosed by the answer of R. C. Patterson in
the foreclosure proceedings that the deed taken by him
from Mrs. Fitch was taken as security and was, in fact,
a mortgage; that Mrs. Fitch was the real owner of the
lots in question at the time of the foreclosure proceed-
ings; that, not being served with summons and not ap-

pearing in the action, her interest in the property was not affected by the foreclosure decree, and that she is still the owner of the fee, which is subject to levy and sale to satisfy the appellants' judgment. The district court sustained a demurrer to this answer, and entered a decree finding that Munger is the owner in fee of the lots in question; that the defendants are attempting to sell the property at sheriff's sale, and asserting a lien against the property by virtue of their judgment against Anna J. Fitch; that their judgment is not a lien upon the lots, and that they are precluded and estopped from asserting any lien against said property by virtue of their said judgment and levy. A perpetual injunction also issued against the defendants enjoining them from asserting in any manner a lien against said real estate or from selling the property at sheriff's sale.

The appellants assert with great confidence that, R. C. Patterson having disclosed in his answer in the foreclosure proceedings that his deed from Mrs. Fitch conveying the lots in controversy was taken as security, and not as an absolute, unconditional conveyance of the lots, the court had no jurisdiction of the property in the foreclosure proceedings, Mrs. Fitch not being served with summons and not appearing in said action to assert her claim in any manner. The fact that a notice of *lis pendens* was filed at the commencement of the foreclosure proceedings requires us to again examine our *lis pendens* law in connection with the decision of *Sheasley v. Keens,* 48 Neb. 57. Prior to 1887 the statute read as follows: "When the summons has been served, or publication made, the action is pending, so as to charge third persons with notice of its pendency, and while pending, no interest can be acquired by third persons in the subject matter thereof, as against the plaintiff's title." Code 1885, sec. 85. Experience has demonstrated that this statute was defective, and that many decrees affecting title to real estate were wholly ineffective because intermediate the filing of a petition and the service of summons the holder of the legal

title had transferred the property, or an interest therein, to some third party whose rights could not be affected by the decree. A second class of persons were also beyond the reach of the original statute. They were parties who had taken title or acquired an interest in the property in litigation prior to the commencement of the action, but who had failed to record their conveyances, and who would therefore be unknown to the plaintiff, who could not on that account implead them in the action to cut off whatever interest they might have. To meet these difficulties, the legislature in 1887, and prior to the making of the mortgage in suit, amended section 85 by providing that, in all actions wherein the title to real property was brought in question, the plaintiff, at the time of filing his petition, or afterwards, might file a notice of *lis pendens* in the office of the register of deeds, the notice to contain the names of the parties, the object of the action, and a description of the property to be affected by the suit. A defendant who sought for any affirmative relief by way of cross-petition might also file such *lis pendens* notice, and it is provided that "from the time of filing such notice shall the pendency of such action be constructive notice to any purchaser or incumbrancer to be affected thereby, and every person whose conveyance or incumbrance is subsequently executed or subsequently recorded shall be deemed to be a subsequent purchaser or incumbrancer and shall be bound by all proceedings taken in said action after the filing of such notice, to the same extent as if he were made a party to the action." Code 1887, sec. 85. The effect of this amendment was before the court in *Sheasley v. Keens, supra,* and it was there held that the amendment was unconstitutional and void so far as it sought to bind a party who had taken title to property involved in an action prior to the commencement of the action, but who had failed to record his conveyance or incumbrance upon the property. The reasoning upon which this conclusion was reached is found at page 64 of the opinion. The argument adduced is that the holder of

an unrecorded deed or mortgage affecting the real estate involved in the litigation, though such deed or mortgage was executed long prior to the time of filing a *lis pendens,* is, by the amendment, in effect, made a party to the suit in which the *lis pendens* is filed, and declared to be bound by the judgment rendered in that action in the same manner as if he was in fact made a party to the suit and served with notice by publication. It is then said that this constitutes an amendment to section 77 of the code, providing for constructive service upon the parties to an action; and, because section 77 was not referred to or amended by the act, it was in violation of section 11, art. III of the constitution, which declares that "no law shall be amended unless the new act contain the section or sections so amended and the section or sections so amended shall be repealed."

If it be once established that it was not the object or purpose of the amendment to section 85 to make the holders of unrecorded conveyances or interests parties to the suit, or to summon them into court to have their interests adjudicated in the action in which the *lis pendens* notice is filed, then the reasons urged in *Sheasley v. Keens, supra,* for holding the act unconstitutional have nothing to rest upon. No court, so far as our investigation has extended, had, before the case of *Sheasley v. Keens,* in holding that parties were bound by the decree because of a *lis pendens* filed, put it upon the ground that such persons were parties to the action. As a matter of fact such persons are not parties to the action. No one is a party to an action unless made so by the record in the case, or unless they instituted the action in the name of another, or, being interested in the subject matter of the litigation, employ counsel to conduct the suit or direct and conduct its prosecution. The rule that a *pendente lite* purchaser took title to property involved in litigation, subject to the judgment finally entered, was adopted out of considerations of public policy and to inspire confidence in titles

52

based upon the judgment or decree of court. Section 85 of the code, as originally enacted, defines the persons who shall take title to the property subject to the judgment entered, and, as amended, it adds another class of persons who take title intermediate the filing of the petition and the service of the summons, and still another who, having acquired a title or interest in the property prior to the date of the commencement of the action, shall be estopped from asserting such interest against the plaintiff's rights as determined by the judgment entered in the suit. There was no intent to make persons holding unrecorded interests *parties to the action*. That was not the aim or purpose of the amendment, and it does not in fact make such persons parties. The old statute did not fully meet the requirements of the situation. Under it the owner of the legal title to real estate, after the filing of a petition to foreclose a mortgage thereon or to establish any other interest therein, could transfer the title to some third party, and, if this was done before service of the summons, the plaintiff's judgment was fruitless of any beneficial results. Another action against this person would be followed by the same result, and no one could tell whether a decree followed by a sale of property gave the purchaser a valid title. Another class were those where the owner of incumbered real estate transferred the title in anticipation of an action, and the grantee did not put his conveyance of record until after judgment in the suit. His interests would not, under the original statute, be affected by the decree, and another action to determine his rights would have to be instituted.

How could these evils be remedied? The question was not how to implead and serve parties having unrecorded interests. The legislature understood, as well as any one else, that parties secretly holding title or liens could not be known to the plaintiff, could not be made parties, could not be served, and the question was how to cut them off from asserting their interest after a judgment against the persons appearing of record as the only ones having any

interest.   The plain way to accomplish this end was to declare that all parties with unrecorded interests should be bound by a judgment against those whose interests were known or appeared of record.   It was the application in another way of the doctrine that the party who fails to record his title shall be estopped from asserting it against a subsequent good faith purchaser.   The legislature, in the use of an undoubted power, exercised its right to say that a party who failed to place of record any interest held by him in real estate should be bound by a judgment entered in an action involving such property, where the record owners were made parties.   In other words, the purchaser of real estate, under a decree of court in which a *lis pendens* has been filed, takes title paramount to any conveyance or incumbrance not known to the plaintiff or found of record when the *lis pendens* was filed; and this upon the same theory that a subsequent good faith purchaser acquires good title against a prior conveyance which was not of record when the second party made his purchase.   One who would deny the power of the legislature to declare a judgment entered against parties holding the record title to real estate paramount to the rights of a party who acquired an interest in the property prior to the commencement of the action, but who failed to record his conveyance or incumbrance, would have to deny the right of the legislature to say that a subsequent *bona fide* purchaser can take title as against a prior unrecorded conveyance.   Such a party would have to argue that our recording acts are unconstitutional as taking from a man his property without due process of law.   We might go further than this, and assert that it is the undoubted privilege of the legislature to say that no deed or instrument affecting real estate shall be of any validity or force whatever until it is recorded, and, when possessed of this power, its right to ordain that an unrecorded conveyance or interest in real property shall not be asserted against a judgment or decree of court affecting the property. where all known owners thereof are made parties to

the suit, cannot be questioned or disputed. This being the case, it might have provided in the amendment to section 85 that a judgment against the owner or record owner of real estate should bind those holding unrecorded interests therein, and have dispensed altogether with the filing of a *lis pendens* notice by the plaintiff; and we cannot see how the provision for a notice, which the legislature might have dispensed with altogether, can be used as an argument to make the amendment unconstitutional. The thought of the legislature in providing for a notice to be filed with the register of deeds undoubtedly was to protect the interest of secret owners or lien holders so far as might be done without prejudice to the plaintiff, and to allow them to come into court and have their rights adjudicated. Realizing that owners of secret interests could not be known to the plaintiff, and that they could not be made parties or served with process, in order to protect them, so far as could be done with justice to the plaintiff, the statute, as amended, requires the plaintiff to file with the register of deeds a notice of the action, containing "the names of the parties, the object of the action, and a description of the property sought to be affected thereby," thus putting of record in the office where such third person's conveyance ought to appear, and where he would be most likely to discover it, a notice that the property in which he may have an interest is in litigation, and giving him the opportunity to inform and make himself a party to the action and to have his rights determined before closing his mouth.

The amendment to the statute was adopted from the state of New York, where it had received a construction prior to its enactment by our legislature. In *Fuller v. Scribner,* 76 N. Y. 190, it was held: "Where, after the filing of a notice of *lis pendens* in accordance with section 132 of the Code of Procedure, and service of summons upon one or more of the defendants in an action for the foreclosure of a mortgage, a judgment is perfected and docketed against the owner of the equity of redemption, the judg-

ment creditor is bound by the judgment in the foreclosure suit, the same as if he were a party thereto; and this, although, at the time of the entry of his judgment, said owner had not been served with summons in the foreclosure suit." In *Ayrault v. Murphy*, 54 N. Y. 203, it is said: "The mortgage which the plaintiff seeks to enforce, was not recorded until two days after the commencement of that action, and notice of its pendency duly filed in the office of the clerk of the county where the premises were situated; and, hence, the plaintiff became bound by the proceedings in that action in which the title of the mortgagor was as against Savage as receiver, and Mead and Holcomb judgment creditors of George Murphy, held to be fraudulent and void, and in pursuance of an order contained in that judgment, Savage as receiver, had, before the commencement of this action, become invested with the title to the mortgaged premises." The mortgage spoken of in that case was made prior to the commencement of the action, but was not recorded, and the court of appeals, speaking of the effect of their *lis pendens* statute, further said: "The court at special term was, therefore, right in holding that the title or lien of the defendant Savage as receiver, and of Mead and Holcomb as judgment creditors, had by the proceedings in that action, become prior to and superior to the lien of the plaintiff's mortgage; or in other words, that the plaintiff by reason of his mortgage not having been recorded prior to the notice filed of the pendency of that action, became an incumbrancer subsequent to Savage, Mead and Holcomb."

The opinion in *Sheasley v. Keens, supra,* was filed April 10, 1896, and has stood as the law of this state for more than ten years. Were it possible, with that opinion standing unreversed, for the legislature to exercise its discretion in passing a *lis pendens* law in conformity with its judgment, and to bind thereby all such parties as it saw fit, we would not feel like interfering with the holding in that case; but, as long as that opinion stands, the hands of the legislature are tied, and it will be impossible for it to

enact a law estopping parties holding unrecorded conveyances or liens made prior to the filing of a *lis pendens* notice from asserting such conveyance in opposition to the judgment rendered.  This being the case, we have, after much consideration, deemed it our duty to overrule the holding in *Sheasley v. Keens*, so far as it declares unconstitutional the amendment to our *lis pendens* laws passed in 1887, declaring parties whose interest in the real estate in controversy "are subsequently recorded" bound by the decree entered, to the same effect as if they were parties to the action, and to hold that the statute, as amended, is valid and effective.  Having no doubt that the statute, as amended, is constitutional and valid, and that it should be enforced, its effect would have been to bind Mrs. Fitch, who, it is claimed, held an unrecorded interest in the property foreclosed, were it not for one fact alleged in the answer of Beard & Brother, and admitted by the demurrer filed by the plaintiff.  The answer alleges that Mrs. Fitch has been in possession of the property for the past 14 years.  This would carry her possession back to a period anterior to the commencement of the foreclosure suit, and, being in possession, the plaintiff was bound to take notice of any rights or equities which she had in the premises, and to make her a party and bring her into court.

In Wiltsie, Mortgage Foreclosure, sec. 157, it is said: "The occupant or person in possession of the premises at the time of the commencement of the foreclosure is also indispensable, no matter how or under what circumstances he came into possession.  * * *  His omission will, moreover, produce such a defect of title as to relieve a purchaser at the sale of his bid.  The statute of *lis pendens* does not relieve the plaintiff from making parties to an action all persons having an interest in the property when the action is commenced, if such interest is known to him. In the leading case of *Lamont v. Cheshire*, 65 N. Y. 30, the question was elaborately considered, and it was there held that a party holding an unrecorded interest in the

real estate in controversy was not affected by the filing of a notice of *lis pendens,* provided the plaintiff had actual notice of his interest. This is undoubtedly a correct construction of the statute, the intent of the legislature being to give the plaintiff the benefit of a *lis pendens* notice as against parties holding secret liens, and not against those whose liens or interests were actually known to him. It being admitted that Mrs. Fitch was in possession when the foreclosure proceeding was commenced, her possession was actual notice to the plaintiff in that action of whatever interest she may have had in the property, and, having such actual notice, it was his duty to make her a party that her rights might be litigated.

We recommend a reversal of the judgment and remanding the cause for further proceedings not inconsistent with this opinion.

Epperson and Good, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded for further proceedings not inconsistent with said opinion.

REVERSED.