Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
11/09/2017 09:14 AM CST

Terry P. Brown, individually, and Terry P. Brown
as Trustee of the Terry Paul Brown Living Trust,
appellee, v. Jacobsen Land and Cattle Company,
a Nebraska corporation, appellee, and State
of Nebraska ex rel. Game and Parks
Commission, intervenor-appellant.

___ N.W.2d ___

Filed August 18, 2017.    No. S-16-604.

1. **Equity: Quiet Title.** A quiet title action sounds in equity.
2. **Equity: Appeal and Error.** On appeal from an equity action, an appellate court decides factual questions de novo on the record and, as to questions of both fact and law, is obligated to reach a conclusion independent of the trial court's determination.
3. **Statutes: Property: Appeal and Error.** The interpretation of a statute, including the interpretation of the lis pendens statute, is a question of law. On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.
4. **Statutes: Property: Intent.** The scope of the lis pendens rule is determined by its end and purpose.
5. **Property: Intent.** Generally speaking, the purpose of lis pendens is to prevent third persons, during the pendency of litigation involving a property dispute, from acquiring interests in the disputed land which would preclude the court from granting the relief sought.
6. **Property: Jurisdiction: Statutes: Intent.** The lis pendens statute serves to hold disputed property within the court's jurisdiction until the parties' rights are finally determined.
7. **Appeal and Error.** An appellate court will not consider an issue on appeal that was not presented to or passed upon by the trial court.
8. **____.** A trial court cannot commit error in resolving an issue never presented and submitted to it for disposition.

9. **Interventions.** One who intervenes under Neb. Rev. Stat. § 25-328 (Reissue 2016) becomes a party to the litigation and has all the rights of a party.

10. **Interventions: Pleadings.** An intervenor's pleadings are governed by the same pleading rules in chapter 25 of the Nebraska Revised Statutes as govern other parties' pleadings.

11. **Interventions.** As a party to the litigation, it is generally recognized that intervenors can engage in discovery, file motions, introduce evidence, and examine witnesses.

12. **Property: Parties.** When a subsequent purchaser under the lis pendens statute becomes a party in an action involving the disputed property, he or she is entitled to question the plaintiff's right to recover in the same manner as the original defendant.

13. ____: ____. A subsequent purchaser under the lis pendens statute occupies the same position as the original defendant and is entitled to no greater rights of defense.

14. ____: ____. The lis pendens rules do not confer any additional substantive rights on parties to a property dispute, but neither do they restrict the rights of parties to defend their interests in the litigation.

15. **Actions: Property: Parties.** The lis pendens statute does not relieve the plaintiff from making parties to an action all persons having an interest in the property when the action is commenced, if such interest is known to him or her.

16. **Trial: Evidence: Appeal and Error.** To constitute reversible error in a civil case, the admission or exclusion of evidence must unfairly prejudice a substantial right of a litigant complaining about evidence admitted or excluded.

Appeal from the District Court for Banner County: DEREK C. WEIMER, Judge. Reversed and remanded for a new trial.

Douglas J. Peterson, Attorney General, and Charles E. Chamberlin for intervenor-appellant.

Andrew W. Snyder, of Chaloupka, Holyoke, Snyder, Chaloupka & Longoria, P.C., L.L.O., for appellee Terry P. Brown.

HEAVICAN, C.J., WRIGHT, MILLER-LERMAN, CASSEL, STACY, KELCH, and FUNKE, JJ.

Stacy, J.

This appeal involves the interplay between Nebraska's lis pendens statute[1] and Nebraska's intervention statutes.[2] The primary question presented is whether the right of an intervenor to offer evidence in a quiet title action is restricted by the lis pendens statute. We conclude it is not, and because the intervenor in this case was not permitted to offer evidence at trial, we reverse the judgment and remand this matter for a new trial.

## FACTS

Jacobsen Land and Cattle Company (Jacobsen) is the record owner of land in Banner County, Nebraska. Terry P. Brown, individually, and Terry P. Brown as trustee of the Terry Paul Brown Living Trust, owns property adjacent to the Jacobsen's property. For many years, approximately 80 acres of Jacobsen's land has been fenced in with Brown's property (the disputed property).

In October 2014, Jacobsen and the Nebraska Game and Parks Commission (State) entered into a purported purchase agreement for the sale of a parcel of Jacobsen's land that included the disputed property. Pursuant to a warranty deed executed February 10, 2015, Jacobsen conveyed title to the subject real estate to the State. The deed was recorded on February 13.

### Lis Pendens and
### Quiet Title Action

After Jacobsen and the State entered into the purchase agreement, but before closing occurred, Brown filed and recorded a lis pendens with the Banner County register of deeds. The lis pendens recited that a quiet title action had been filed in the district court for Banner County, identified Brown

---

[1] Neb. Rev. Stat. § 25-531 (Reissue 2016).

[2] Neb. Rev. Stat. §§ 25-328 to 25-330 (Reissue 2016).

as the plaintiff and Jacobsen as the defendant, and identified the disputed property by full legal description.

Shortly before filing the lis pendens, Brown filed a quiet title action against Jacobsen in the district court for Banner County, alleging ownership by adverse possession of the disputed property. Jacobsen filed an answer denying Brown's claim of adverse possession and setting forth several affirmative defenses.

COMPLAINT IN INTERVENTION

The State subsequently moved for leave to intervene in the quiet title action between Brown and Jacobsen. In its motion, the State alleged it was the current owner of record of the disputed property and had a "direct interest in the subject matter in this litigation and the outcome of this litigation, as required by . . . § 25-328." The State also alleged that when the quiet title action was filed, it "held equitable title in the disputed property" by virtue of having entered into an agreement to purchase the property.[3] The State alleged it had expended substantial state and federal funds in the acquisition and improvement of the disputed property, and would be "liable to reimburse federal dollars" in the event Brown was successful in the litigation. Finally, the State alleged that its interests "may not be adequately represented" by Jacobsen and that it had "a duty to defend State owned property from claims of encroachment or quiet title actions."

Jacobsen did not object to the State's request to intervene in the quiet title action, but Brown did. In an order entered July 15, 2015, the court allowed the State to intervene over Brown's objection. The court acknowledged Brown's argument that the lis pendens statute prevented the State from acquiring any legal interest in the disputed property while the action was pending, but concluded "the State should be permitted to

_____

[3] See, generally, *DeBoer v. Oakbrook Home Assn.*, 218 Neb. 813, 359 N.W.2d 768 (1984).

intervene to protect whatever interest it may have in some or part of this real estate."

Thereafter, the State filed what it captioned "Defendant-Interven[o]r's Answer to Plaintiff's Amended Complaint," in which it aligned with Jacobsen in defending against Brown's claim of adverse possession. The State's answer denied the allegations of Brown's complaint and set forth several affirmative defenses to the claim of adverse possession. Most of the State's affirmative defenses were similar to those asserted by Jacobsen in its answer, but the State also alleged the affirmative defenses of laches, unclean hands, and defects in the lis pendens notice.

### Brown's Motion for Partial Summary Judgment

Brown moved for partial summary judgment against the State, arguing application of the lis pendens statute prevented the State from acquiring any direct and legal interest in the disputed property. After a hearing, the district court granted Brown's motion in part, finding as a matter of law that (1) Brown had complied with the lis pendens statute and the notice filed was legally sufficient and effective and (2) the State was a "subsequent purchaser" under the lis pendens statute and as such could take only "whatever title [Jacobsen] had to give at the time the warranty deed was executed and recorded." However, the court's order granting partial summary judgment did not dismiss the State from the quiet title action or make any findings regarding the merits of the adverse possession claim.

### Jacobsen Stops Defending Quiet Title Action

Before trial, Jacobsen's counsel advised the court that his client had asked him not to participate in the pretrial conference or the trial and had consented to his withdrawal from the case. Jacobsen's counsel indicated that his client's intent

was "to not participate further in this case" and "not to hire another attorney." No party objected, and the court allowed Jacobsen's counsel to withdraw. Jacobsen did not thereafter participate in the litigation and did not appear for trial.

### STATE'S MOTION TO MODIFY PROGRESSION

After Jacobsen ceased participating in the action, the State moved to modify the case progression plan and to continue the pretrial conference. The State claimed that it needed additional time to prepare for trial and argued that because Jacobsen was no longer participating in the case, the State needed to conduct formal discovery so that it could defend against Brown's claim of adverse possession.

Brown opposed modifying the progression order. He argued the State had only the rights of a subsequent purchaser under the lis pendens statute and could not "step into [Jacobsen's] shoes" and defend against Brown's claim of adverse possession. The court overruled the motion to modify the progression order, but took the opportunity to summarize its earlier rulings and explain how it viewed the State's interest in the action going forward.

The court acknowledged the State had an interest in the outcome of the quiet title action sufficient to support intervention, but agreed with Brown that the State's interest was limited to "that of a subsequent purchaser as defined in the lis pendens statutes." The court reasoned:

> [T]he State . . . is the subsequent purchaser of whatever real estate [Jacobsen] had to sell to it at the time of the closing of their real estate transaction. The State was not dismissed from the action, but its role is limited to that of a subsequent purchaser which does not put it in the "same shoes" as [Jacobsen].

The court concluded that, given the State's status as a subsequent purchaser under the lis pendens statute, it "would not have a defense as to the issues pending between [Brown] and

[Jacobsen]," because Brown's claims of adverse possession predated the purchase agreement. The court observed that after the quiet title action was resolved, the State could then "pursue whatever remedies it may have under the purchase agreement between it and [Jacobsen]." The matter proceeded to pretrial conference as scheduled.

## Pretrial Conference

Only the State and Brown appeared for the pretrial conference. When the State indicated it planned to call witnesses to contest Brown's claim of adverse possession, Brown objected. He argued that permitting the State to offer evidence would be contrary to the court's determination that the State took no interest in the property pursuant to the lis pendens statute and would impermissibly allow the State to stand in the shoes of Jacobsen for purposes of challenging the elements of adverse possession. The State countered that it would be defending its own interests in the property and would be challenging Brown's adverse possession claim to the extent that claim impacts the interest the State would receive from Jacobsen.

Ultimately, citing the State's status as a subsequent purchaser under lis pendens, the court concluded the State would not be allowed to present evidence or question witnesses at trial related to the claim of adverse possession.

## Trial

The quiet title action was tried to the bench on May 11, 2016. Jacobsen did not appear for trial. Brown offered evidence in support of the adverse possession claim. No party offered evidence in opposition to the claim, but the State was permitted to make several offers of proof.

In an order entered May 18, 2016, the court found Brown had met his burden of proving adverse possession of the disputed property. The court quieted title to the disputed property in Brown as against Jacobsen and any other persons or entities claiming any interest therein.

The State timely appealed, and we moved the case to our docket on our own motion pursuant to our statutory authority to regulate the caseloads of the appellate courts of this state.[4]

## ASSIGNMENTS OF ERROR

The State assigns, renumbered and restated, that the district court erred in (1) determining that the lis pendens operated to make the State a subsequent purchaser or, in the alternative, refusing to cancel the lis pendens; (2) determining that the State had a sufficient interest to intervene in the action, but did not have a sufficient interest to resist Brown's claim of adverse possession; (3) determining that equitable title to the disputed property would not affect the State's interest in Brown's claims and its ability to defend against the claims; (4) determining that Brown had met his burden of proving adverse possession of the disputed real property; and (5) refusing to modify the case progression order.

## STANDARD OF REVIEW

[1,2] A quiet title action sounds in equity.[5] On appeal from an equity action, an appellate court decides factual questions de novo on the record and, as to questions of both fact and law, is obligated to reach a conclusion independent of the trial court's determination.[6]

[3] The interpretation of a statute, including the interpretation of the lis pendens statute, is a question of law.[7] On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.[8]

---

[4] See Neb. Rev. Stat. § 24-1106(3) (Reissue 2016).

[5] *Poullos v. Pine Crest Homes*, 293 Neb. 115, 876 N.W.2d 356 (2016).

[6] *Id.*

[7] See *Kelliher v. Soundy*, 288 Neb. 898, 852 N.W.2d 718 (2014).

[8] *Id.*

## ANALYSIS

One of the central questions raised on appeal is whether the right of an intervenor to participate and offer evidence in a quiet title action is restricted by application of the lis pendens statute. To answer this question, we begin by reviewing the history and purpose of lis pendens under Nebraska law.

### Lis Pendens

Under the common-law doctrine of lis pendens (literally "'[a] pending lawsuit'"[9]), the mere pendency of a suit affecting title to real property was constructive notice to the world of the disputed claim.[10] Nebraska codified the common-law doctrine of lis pendens early in its history.

Prior to 1887, Nebraska's lis pendens statute "was a legislative adoption of the equity rule of *lis pendens* that had existed from time immemorial,"[11] and the rule applied to give notice of the disputed claim once a suit was commenced. Under the rule then in effect, a suit was commenced upon service of summons.[12] This application proved problematic, because persons aware of the filing of a complaint but not yet served with summons could freely alienate the property and preclude a court from awarding the relief requested in the complaint.[13] To address this problem, the Legislature amended the lis pendens statute in 1887 to permit a plaintiff to record a notice of lis pendens with the register of deeds at or near the time of filing the complaint and thereby give notice of the disputed claim and bind any subsequent purchaser to the outcome of

---

[9] *Id*. at 904, 852 N.W.2d at 724.

[10] *Kelliher v. Soundy, supra* note 7.

[11] *Sheasley v. Keens*, 48 Neb. 57, 63, 66 N.W. 1010, 1012 (1896), *overruled on other grounds, Munger v. Beard & Bro.*, 79 Neb. 764, 113 N.W. 214 (1907).

[12] *Kelliher v. Soundy, supra* note 7.

[13] *Id*.

the proceedings. The current lis pendens rule is codified in § 25-531 and provides in relevant part:

When the [lis pendens] summons has been served or publication made, the action is pending so as to charge third persons with notice of pendency. While the action is pending no interest can be acquired by third persons in the subject matter thereof, as against the plaintiff's title. In all actions brought to affect the title to real property, the plaintiff may either at the time of filing his or her complaint or afterwards, file, or in case any defendant sets up an affirmative cause of action and demands relief which shall affect the title to real estate, he or she may, at the time of filing such answer or at any time afterwards, file with the clerk or register of deeds of each county in which the real estate thus to be affected, or any part thereof, is situated, a notice of the pendency of such action. The notice shall contain the names of the parties, the object of the action, and a description of the property in such county sought to be affected thereby. . . . The clerk or register of deeds of such county shall record the notice . . . . From the time of filing such notice the pendency of such action shall be constructive notice to any purchaser or encumbrancer to be affected thereby. Every person whose conveyance or encumbrance is subsequently executed or subsequently recorded shall be deemed to be a subsequent purchaser or encumbrancer and shall be bound by all proceedings taken in the action after the filing of such notice to the same extent as if he or she were made a party to the action. The court in which such action was commenced or any judge thereof may at any time thereafter on the application of any person aggrieved, on good cause shown, and on such notice as the court or judge may determine, order the notice to be canceled by the clerk or register of deeds of any county in which the notice may have been filed or recorded by filing a notice of release.

[4-6] We have recognized that "[t]he scope of the [lis pendens] rule is determined by its end and purpose."[14] Generally speaking, the purpose of lis pendens is to prevent third persons, during the pendency of litigation involving a property dispute, from acquiring interests in the disputed land which would preclude the court from granting the relief sought.[15] In other words, the lis pendens statute serves to hold disputed property within the court's jurisdiction until the parties' rights are finally determined.[16] In *Hadley v. Corey*,[17] we explained:

> "In a legal sense the term (*lis pendens*) is equivalent to the maxim that pending the suit nothing should be changed (pendente lite nihil innovetur); and the doctrine of *lis pendens* is that one who acquires any interest in property during the pendency of litigation respecting such property from a party to the litigation takes subject to the decree of judgment in such litigation and is bound by it."

With the purpose and effect of the lis pendens rule in mind, we turn to the State's assignments of error.

### State Is Subsequent Purchaser Under § 25-531

In its first assignment, the State asserts the district court erred in finding it is a subsequent purchaser under the lis pendens statute. Alternatively, the State asserts that even if it is a subsequent purchaser, the district court erred in not canceling the lis pendens. We find no merit to this assignment.

The plain language of the lis pendens statute provides that once a lis pendens notice is filed, "[e]very person whose conveyance or encumbrance is subsequently executed or subsequently recorded shall be deemed to be a subsequent purchaser

---

[14] *Merrill v. Wright*, 65 Neb. 794, 797, 91 N.W. 697, 699 (1902).

[15] *Id*.

[16] See *id*.

[17] *Hadley v. Corey*, 137 Neb. 204, 215, 288 N.W.2d 826, 832 (1939).

or encumbrancer and shall be bound by all proceedings taken in the action . . . ."[18] Brown filed and recorded the lis pendens on February 4, 2015, and it contained the names of the parties, the object of the action, and a description of the disputed property. The State does not argue on appeal that Brown failed to comply with any aspect of the lis pendens statute.

The record shows that the warranty deed from Jacobsen to the State was executed February 10, 2015, and recorded February 13. Because the execution and recording of the deed conveying the disputed property occurred after the lis pendens was filed, the district court was correct in finding the State was a subsequent purchaser under § 25-531.

[7,8] Regarding the State's alternative assignment, we note that § 25-531 permits a court to cancel a lis pendens notice "on the application of any person aggrieved, on good cause shown." The record indicates the State mentioned the availability of such relief once during argument to the court, but nothing in the record shows the State ever moved for such relief. An appellate court will not consider an issue on appeal that was not presented to or passed upon by the trial court,[19] because a trial court cannot commit error in resolving an issue never presented and submitted to it for disposition.[20] As such, we do not address the State's argument that the lis pendens should have been canceled.

## AS INTERVENOR AND SUBSEQUENT PURCHASER, STATE HAD RIGHT TO OFFER EVIDENCE

After finding the State had sufficient interest to intervene in the action, the district court concluded the State's status as a subsequent purchaser under the lis pendens statute prevented the State from presenting evidence related to the

---

[18] § 25-531.

[19] *Walsh v. State*, 276 Neb. 1034, 759 N.W.2d 100 (2009).

[20] *Id.*

adverse possession claim. It reasoned the "State's interest in this lawsuit [is that of] the subsequent purchaser of whatever real estate [Jacobsen] had to sell to it at the time of the closing [and] its role is limited to that of a subsequent purchaser which does not put it in the 'same shoes' as [Jacobsen]."

To determine whether an intervenor's right to participate in an action and offer evidence is restricted by virtue of its status as a subsequent purchaser under the lis pendens statute, we begin by reviewing the general rights of one intervening in an action under § 25-328. That statute provides in relevant part:

> Any person who has or claims an interest in the matter in litigation, in the success of either of the parties to the action, or against both, in any action pending . . . in any of the courts in the State of Nebraska, may become a party to an action . . . either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendants in resisting the claim of the plaintiff . . . .

[9-11] The plain language of § 25-328 provides that one who intervenes becomes "a party" to the action, and our case law recognizes as much. We have held that one who intervenes under § 25-328 becomes a party to the litigation and has all the rights of a party.[21] An intervenor's pleadings are governed by the same pleading rules in chapter 25 of the Nebraska Revised Statutes as govern other parties' pleadings.[22] And, as a party to the litigation, it is generally recognized that intervenors "can engage in discovery, file motions, introduce evidence, and examine witnesses."[23]

Here, the district court interpreted the lis pendens statute to limit the rights of a party who intervenes as a subsequent

---

[21] *Kirchner v. Gast*, 169 Neb. 404, 100 N.W.2d 65 (1959). See, also, John P. Lenich, Nebraska Civil Procedure § 16:9 (2008).

[22] § 25-330.

[23] Lenich, *supra* note 21, § 16:9 at 620.

purchaser. Specifically, the court concluded that because the State was a subsequent purchaser under the lis pendens statute, it could not "stand in the shoes" of Jacobsen and therefore could not offer any evidence opposing Brown's adverse possession claim. We reject this broad proposition, because it is contrary to our case law and cannot be reconciled with our settled jurisprudence on the rights of intervenors.

[12,13] In *Hadley v. Corey*, we recognized that when a subsequent purchaser under the lis pendens statute becomes a party in an action involving the disputed property, he or she is "entitled to question [the] plaintiff's right to recover in the same manner as the original defendant."[24] We added that a subsequent purchaser "occupies the same position as the original defendant and is entitled to no greater rights of defense."[25]

When the State intervened in this quiet title action, it became a party.[26] The district court's conclusion that the State could not "stand in the shoes" of Jacobsen or offer any evidence to defend against the claim of adverse possession was not only incompatible with the rights of a subsequent purchaser under *Hadley*, it was also incompatible with the State's right as an intervenor.

As an intervening party to the litigation, the State should have been permitted to engage in discovery, file motions, introduce evidence, and examine witnesses just like any other party.[27] The State was entitled to oppose Brown's adverse possession claim in the same manner as Jacobsen.[28] The fact that Jacobsen effectively withdrew from the litigation made it even more critical that the State be allowed to defend against Brown's adverse possession claim by questioning witnesses and offering evidence.

---

[24] *Hadley v. Corey, supra* note 17, 137 Neb. at 215, 288 N.W.2d at 832.

[25] *Id*.

[26] See, § 25-328; *Kirchner v. Gast, supra* note 21.

[27] See Lenich, *supra* note 21.

[28] See *Hadley v. Corey, supra* note 17.

[14] Lis pendens is a procedural mechanism intended to alert prospective purchasers about property disputes and protect the status quo until the parties' substantive property rights can be determined in litigation.[29] It is true the lis pendens rules do not confer "any additional substantive rights" on parties to a property dispute,[30] but neither do they restrict the rights of parties to defend their interests in the litigation.

[15] Our holding in *Munger v. Beard & Bro.*[31] further illustrates that the lis pendens statute does not operate to prevent a subsequent purchaser from fully participating as a party in a quiet title action affecting the subject property. In *Munger*, we stated:

> The statute of *lis pendens* does not relieve the plaintiff from making parties to an action all persons having an interest in the property when the action is commenced, if such interest is known to him. . . . [T]he intent of the legislature [is] to give the plaintiff the benefit of a *lis pendens* notice as against parties holding secret liens, and not against those whose liens or interests were actually known to him. . . . [H]aving such actual notice [of the mortgagor's interest,] it was [the plaintiff's] duty to make her a party [so] that her rights might be litigated.[32]

*Munger* suggests that a subsequent purchaser who is known to the plaintiff must not only be allowed to participate as a party in an action commenced regarding the property, but should be joined as a necessary party in the action. In the present case, it is not necessary to address whether the State was a necessary or indispensable party[33] to the quiet title action, because the State intervened and thereby became a party to the action.

---

[29] See 51 Am. Jur. 2d *Lis Pendens* § 2 (2011).

[30] *Kelliher v. Soundy, supra* note 7, 288 Neb. at 905, 852 N.W.2d at 724.

[31] *Munger v. Beard & Bro., supra* note 11.

[32] *Id.* at 774-75, 113 N.W. at 218.

[33] See *Midwest Renewable Energy v. American Engr. Testing*, 296 Neb. 73, 894 N.W.2d 221 (2017).

We conclude that once the State intervened as a party to the quiet title action, it was error not to allow the State to participate fully and offer evidence.

[16] To constitute reversible error in a civil case, the admission or exclusion of evidence must unfairly prejudice a substantial right of a litigant complaining about evidence admitted or excluded.[34] In the present case, the State was precluded from offering any evidence opposing Brown's claim of adverse possession. A trial court always has discretion to limit evidence which is irrelevant,[35] needlessly cumulative,[36] or unfairly prejudicial,[37] but here, the court did not rely on any evidentiary rule to limit the State's ability to offer evidence, and instead relied solely on the State's status as a subsequent purchaser under the lis pendens statute to preclude all offers of evidence. This error unfairly prejudiced the State's right to participate fully as an intervening party in the litigation and effectively prevented the State from defending its interest as a subsequent purchaser of the disputed property.

We therefore reverse the judgment of the district court and remand the matter for a new trial. Because of our disposition, we do not reach the State's remaining assignments of error.

## CONCLUSION

For the foregoing reasons, we reverse the judgment and remand this matter for a new trial.

Reversed and remanded for a new trial.

---

[34] *Martensen v. Rejda Bros.*, 283 Neb. 279, 808 N.W.2d 855 (2012).

[35] Neb. Rev. Stat. § 27-402 (Reissue 2016).

[36] Neb. Rev. Stat. § 27-403 (Reissue 2016).

[37] *Id.*