Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/22/2022 09:07 AM CDT

- 476 -

Nebraska Supreme Court Advance Sheets
311 Nebraska Reports
WILKINSON DEVELOPMENT v. FORD & FORD INVESTMENTS
Cite as 311 Neb. 476

Wilkinson Development, Inc., appellee,
v. Ford & Ford Investments, a general
partnership, appellee, and PSK, LLC,
a Nebraska limited liability
company, appellant.

___ N.W.2d ___

Filed April 28, 2022.    No. S-21-496

1. **Motions to Vacate: Appeal and Error.** The decision of a district court to deny the vacation of its order will be affirmed absent an abuse of discretion.
2. **Statutes: Property.** The interpretation of a statute, including the interpretation of the lis pendens statute, is a question of law.
3. **Judgments: Appeal and Error.** On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.
4. **Actions: Property: Notice: Words and Phrases.** The term "lis pendens" literally means a pending lawsuit. Under this common-law doctrine, the pendency of a suit affecting title to real property is constructive notice to the world of the disputed claim.
5. **Actions: Property: Words and Phrases.** Lis pendens is a procedural mechanism intended to alert prospective purchasers about property disputes and protect the status quo until the parties' substantive property rights can be determined in litigation.
6. **Property: Intent.** The purpose of lis pendens is to prevent third persons, during the pendency of litigation involving a property dispute, from acquiring interests in the disputed land which would preclude the court from granting the relief sought.
7. **Property: Jurisdiction: Statutes: Intent.** The lis pendens statute serves to hold disputed property within the court's jurisdiction until the parties' rights are finally determined.

- 477 -

Nebraska Supreme Court Advance Sheets
311 Nebraska Reports
WILKINSON DEVELOPMENT v. FORD & FORD INVESTMENTS
Cite as 311 Neb. 476

Appeal from the District Court for Dawson County: James E. Doyle IV, Judge. Affirmed.

Blake E. Johnson, of Bruning Law Group, for appellant.

Allen L. Fugate for appellee Wilkinson Development, Inc.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Papik, and Freudenberg, JJ., and Schreiner, District Judge.

Heavican, C.J.

## INTRODUCTION

Wilkinson Development, Inc. (Wilkinson), filed an action for specific performance of a real estate contract concerning the purchase of commercial real estate located in Lexington, Nebraska. The district court found in favor of Wilkinson and against the seller, Ford & Ford Investments (Ford). PSK, LLC, a subsequent purchaser of the real estate in question, then filed a motion to vacate the decree of specific performance and also sought an order of joinder. The district court denied that motion. PSK appeals. We affirm.

## BACKGROUND

Wilkinson, as buyer, and Ford, as seller, entered into a contract on August 30, 2019, for the purchase of commercial real estate located in Dawson County, Nebraska. The sale price was $325,000, and the transaction was set to close on November 20. Wilkinson sought an extension of the closing date, which was permitted by the parties' contract assuming that Wilkinson advanced earnest money to Ford. That advance was made, and closing was set for December 4.

On November 21, 2019, the real estate agent who had been representing both buyer and seller informed Wilkinson that the agreement had been declared void by Ford. During the same time period, the agent was communicating with PSK about the possibility of PSK purchasing the property.

On November 21, 2019, Wilkinson delivered the full purchase price to the closing agent and notified the agent that

- 478 -

Nebraska Supreme Court Advance Sheets
311 Nebraska Reports
WILKINSON DEVELOPMENT v. FORD & FORD INVESTMENTS
Cite as 311 Neb. 476

it had done so. On November 22, a purchase agreement between PSK and Ford was signed at a price of $365,000, with closing set for November 26. There is evidence in the record indicating that at that time, Wilkinson was unaware of the negotiations or agreement Ford had reached with PSK.

On November 25, 2019, Wilkinson filed a complaint for specific performance. On November 26, Wilkinson filed a notice of lis pendens with the Dawson County register of deeds. Also on November 26, Ford and PSK entered into a second purchase agreement with a closing date of December 17. On December 4, the closing agent for the PSK/Ford agreement informed the parties to that agreement that it could not offer title insurance because of the existence of the Wilkinson/Ford agreement. Ford was served with a summons for the specific performance complaint on December 6.

PSK and Ford closed the sale for the property on December 16, 2019. On December 19, a partnership warranty deed from Ford to PSK was recorded with the Dawson County register of deeds.

On March 4, 2021, the district court granted Wilkinson's complaint for specific performance. Ford did not appeal this determination and does not appear in this appeal. On March 26, PSK sought vacation of the decree and an order of joinder. A hearing was held on that motion and evidence was offered. The district court denied PSK's motion. PSK appeals.

## ASSIGNMENTS OF ERROR

PSK assigns that the district court erred in determining that (1) joinder of PSK was not necessary to provide the court with subject matter jurisdiction; (2) the Nebraska lis pendens statute eliminated Wilkinson's and the court's obligation to join PSK; (3) knowledge of a third party's interest in the subject property, acquired after the commencement of the action, does not give rise to the compulsory joinder requirement of Neb. Rev. Stat. § 25-323 (Reissue 2016); (4) PSK had no interest in the subject property so as to require joinder; (5) PSK knew a

- 479 -

Nebraska Supreme Court Advance Sheets
311 Nebraska Reports
WILKINSON DEVELOPMENT v. FORD & FORD INVESTMENTS
Cite as 311 Neb. 476

valid, binding contract existed between Ford and Wilkinson at the time it executed the PSK contract; and (6) PSK knew that Wilkinson had paid the full purchase price for the property to the escrow agent at the time it executed the PSK contract.

## STANDARD OF REVIEW

[1-3] The decision of a district court to deny the vacation of its order will be affirmed absent an abuse of discretion.[1] The interpretation of a statute, including the interpretation of the lis pendens statute, is a question of law.[2] On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.[3]

## ANALYSIS

PSK's primary argument on appeal is that the district court erred in not vacating the decree of specific performance and remanding the matter for further proceedings on the basis that Wilkinson was required to join PSK as a necessary and indispensable party. PSK argues that Wilkinson and the court had an obligation to join it, irrespective of the fact that Wilkinson had filed a notice of lis pendens.

*Lis Pendens Propositions of Law.*

[4] The term "lis pendens" literally means a pending lawsuit. Under this common-law doctrine, the pendency of a suit affecting title to real property is constructive notice to the world of the disputed claim.[4] This principle has been codified in Nebraska statute. Neb. Rev. Stat. § 25-531 (Reissue 2016) provides, as relevant:

> In all actions brought to affect the title to real property, the plaintiff may either at the time of filing his or her

---

[1] See *Kibler v. Kibler*, 287 Neb. 1027, 845 N.W.2d 585 (2014).

[2] *Brown v. Jacobsen Land & Cattle Co.*, 297 Neb. 541, 900 N.W.2d 765 (2017).

[3] *Id*.

[4] *Id*.

- 480 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
311 NEBRASKA REPORTS
WILKINSON DEVELOPMENT v. FORD & FORD INVESTMENTS
Cite as 311 Neb. 476

complaint or afterwards, . . . file with the clerk or register of deeds of each county in which the real estate thus to be affected, or any part thereof, is situated, a notice of the pendency of such action. . . . From the time of filing such notice the pendency of such action shall be constructive notice to any purchaser or encumbrancer to be affected thereby. Every person whose conveyance or encumbrance is subsequently executed or subsequently recorded shall be deemed to be a subsequent purchaser or encumbrancer and shall be bound by all proceedings taken in the action after the filing of such notice to the same extent as if he or she were made a party to the action.

[5-7] Lis pendens is a procedural mechanism intended to alert prospective purchasers about property disputes and protect the status quo until the parties' substantive property rights can be determined in litigation.[5] "Generally speaking, the purpose of lis pendens is to prevent third persons, during the pendency of litigation involving a property dispute, from acquiring interests in the disputed land which would preclude the court from granting the relief sought."[6] "[T]he lis pendens statute serves to hold disputed property within the court's jurisdiction until the parties' rights are finally determined."[7] In *Hadley v. Corey*, we noted:

"In a legal sense the term (*lis pendens*) is equivalent to the maxim that pending the suit nothing should be changed (pendente lite nihil innovetur); and the doctrine of *lis pendens* is that one who acquires any interest in property during the pendency of litigation respecting such property from a party to the litigation takes subject to the decree of judgment in such litigation and is bound by it."[8]

---

[5] *Id*.

[6] *Id*. at 551, 900 N.W.2d at 772.

[7] *Id*.

[8] *Hadley v. Corey*, 137 Neb. 204, 215, 288 N.W. 826, 832 (1939).

- 481 -

Nebraska Supreme Court Advance Sheets
311 Nebraska Reports
WILKINSON DEVELOPMENT v. FORD & FORD INVESTMENTS
Cite as 311 Neb. 476

It is undisputed that Wilkinson filed a notice of lis pendens with the Dawson County register of deeds on November 26, 2019, and that PSK recorded its deed to the property in that same office on December 19. Thus, for purposes of Nebraska's lis pendens statute, § 25-531, the lis pendens notice was "constructive notice" and PSK a "person whose conveyance [was] subsequently executed or subsequently recorded shall be deemed to be a subsequent purchaser . . . and shall be bound by all proceedings taken . . . after the filing of such notice to the same extent as if he or she were made party to the action."

*Equitable Conversion.*

Still, PSK makes several arguments as to why the notice of lis pendens was insufficient notice. First, relying on the doctrine of equitable conversion, PSK argues that it obtained "equitable title" to the property as of November 22, 2019, the date of its purchase agreement with Ford, which was prior to the filing of the notice of lis pendens and that as such, it was not bound by that notice.[9]

We reject this assertion. Generally speaking, this equitable doctrine provides that

"if the owner of real estate enters into a contract of sale whereby the purchaser agrees to buy and the owner agrees to sell it and the vendor retains the legal title until the purchase money or some part of it is paid, the ownership of the real estate as such passes to and vests in the purchaser, and that from the date of the contract the vendor holds the legal title as security for a debt as trustee for the purchaser."[10]

But PSK overlooks certain exceptions to that rule:

"[W]here the third-party purchaser is (1) made a party to the suit before rendition of judgment, or (2) has

---

[9] Brief for appellant at 16.

[10] *DeBoer v. Oakbrook Home Assn.,* 218 Neb. 813, 816, 359 N.W.2d 768, 771 (1984).

- 482 -

Nebraska Supreme Court Advance Sheets
311 Nebraska Reports
WILKINSON DEVELOPMENT v. FORD & FORD INVESTMENTS
Cite as 311 Neb. 476

knowledge of the adverse claim at the time of signing of the executory contract, or (3) has paid only a portion of the purchase price before the lis pendens is filed."[11]

The facts show that at the very least, PSK was aware that there was a purchase agreement between Wilkinson and Ford that predated PSK's own purchase agreement with Ford. As such, we conclude that PSK had knowledge of Wilkinson's adverse claim. Nor is there any evidence in the record that PSK had paid the entire purchase price in advance of Wilkinson's filing of its notice of lis pendens. For these reasons, we decline to apply the doctrine of equitable conversion on these facts and find no merit to this assertion by PSK.

*Knowledge of Interest in Property.*

PSK also contends that the lis pendens notice did not relieve Wilkinson of the obligation to join it once it learned of PSK's purported interest. We disagree.

It is undisputed that Wilkinson was, at some point, aware that Ford and PSK had entered into a separate purchase agreement on the property. But when that knowledge was gained impacts our analysis. Assuming, without deciding, for example, that Wilkinson had been aware of the PSK/Ford agreement at the time it filed the lis pendens notice, the lis pendens would have been insufficient notice to PSK that it would be considered a subsequent purchaser. But there is no evidence in the record that Wilkinson had such knowledge at the time of the filing of the lis pendens.

PSK relies on *Brown v. Jacobsen Land & Cattle Co.*[12] and *Munger v. Beard & Bro.*[13] to support its assertion that Wilkinson had a duty to join PSK once it became aware

---

[11] *DeShields v. Broadwater*, 338 Md. 422, 445, 659 A.2d 300, 311 (1995) (quoting *Meyering v. Russell*, 53 Mich. App. 695, 220 N.W.2d 121 (1974), *reversed on other grounds* 393 Mich. 770, 224 N.W.2d 280).

[12] *Brown v. Jacobsen Land & Cattle Co., supra* note 2.

[13] *Munger v. Beard & Bro.*, 79 Neb. 764, 113 N.W. 214 (1907).

- 483 -

Nebraska Supreme Court Advance Sheets
311 Nebraska Reports
WILKINSON DEVELOPMENT v. FORD & FORD INVESTMENTS
Cite as 311 Neb. 476

of the PSK/Ford purchase agreement, at whatever point that might be. However, those cases do not stand for that proposition; rather, the cases support only a conclusion that what matters is the plaintiff's knowledge at the time of the filing of the lis pendens. There is nothing in those cases that would support a conclusion that in the aftermath of a lis pendens notice, a plaintiff has a continuing obligation to join potential parties.

*Necessary and Indispensable Parties.*

PSK also directs us to § 25-323, as well as this court's decision in *Midwest Renewable Energy v. American Engr. Testing.*[14] There, we discussed necessary and indispensable parties. PSK contends that it is a necessary and indispensable party, that Wilkinson's specific performance action cannot be litigated without affecting PSK's rights, and that as such, PSK should have been joined. Even assuming that PSK would be considered a necessary and indispensable party—an analysis we do not undertake here—we still disagree that there was error on the part of the district court in failing to join PSK.

PSK's reliance on § 25-323 to support the conclusion that it must be joined would read out of existence the portion of § 25-531 that holds that anyone recording an interest in property after the filing of a notice of lis pendens is considered a subsequent purchaser and "shall be bound by all proceedings taken in the action after the filing of such notice to the same extent as if he or she were made a party to the action." We have repeatedly held that when there is a conflict between two statutes on the same subject, the specific statute controls over the general.[15] Here, we conclude that the lis pendens statute, which is specific to notice afforded to subsequent purchasers in the event of litigation regarding real property, is the more specific over the general joinder statute.

---

[14] *Midwest Renewable Energy v. American Engr. Testing*, 296 Neb. 73, 894 N.W.2d 221 (2017).

[15] See, e.g., *Becher v. Becher*, 299 Neb. 206, 908 N.W.2d 12 (2018).

- 484 -

Nebraska Supreme Court Advance Sheets
311 Nebraska Reports
WILKINSON DEVELOPMENT v. FORD & FORD INVESTMENTS
Cite as 311 Neb. 476

*Intervention.*

PSK could have sought to intervene, but declined to do so. It argues on appeal that its failure to intervene does not excuse the failure to join it. But there was no failure in not joining it. On the other hand, seeking to intervene would have preserved PSK's assertion that it should have been heard in the underlying specific performance action.

There is no merit to any of PSK's assignments of error. We therefore affirm the district court's denial of PSK's motion to vacate.

## CONCLUSION

We affirm the decision of the district court.

Affirmed.

Funke, J., not participating.